### JONES v. AINELL.

### Opinion delivered April 10, 1916.

1. JUDGMENTS—COLLATERAL ATTACK—JURISDICTION—PRESUMPTION.—In a collateral attack upon a judgment, every presumption must be indulged in favor of the jurisdiction of the circuit court, and such an attack will fail, unless it affirmatively appears from the record itself that the facts essential to the jurisdiction of the court did not exist.

2. LIS PENDENS—RULE—FILING SUIT.—The common law and equity rule of *lis pendens* has been abrogated in this State by statute, and a suit affecting title or any lien on real estate is not *lis pendens* until notice of the pendency of the action is filed ·in accordance with the statute, Kirby's Digest, § 5149.

3. TITLE—JUDGMENT—PURCHASER PENDENTE LITE.—It is only when the judgment or decree affects the title to land, that it can be said that such judgment or decree ends the litigation, and that a purchaser thereafter can not be regarded a *pendente lite* purchaser.

4. TITLE—BONA FIDE PURCHASER—ATTACHMENT SUIT.—A. levied an attachment upon the land of a nonresident, and purchased the same at sheriff's sale, but never received a deed, neither was any *lis pendens* notice filed. *Held,* a *bona fide* purchaser of the land for value, after the said purchase acquired a good title.

5. DEEDS—CONSIDERATION—RECITALS.—The recitals in a deed, of the payment of a certain consideration is *prima facie* evidence of the payment of that amount.

6. EVIDENCE—PURCHASER OF LAND—MALA FIDES—BURDEN OF PROOF.—The burden is upon the party asserting that the purchaser of land did so with notice of facts which would defeat his purchase. ·

Appeal from Lawrence Chancery Court, Eastern District; *Geo. T. Humphries,* Chancellor; affirmed.

*W. P. Smith* and *O. C. Blackford,* for appellant.

The chancellor erred in holding the judgment void on collateral attack, as the original judgment recited that the affidavit and bond for attachment were properly filed. 79 Ark. 16; 101 *Id.* 390; 105 *Id.* 5. The judgment was in due form and recites all jurisdictional facts necessary and is valid on its face and can not be attacked collaterally.

*W. A. Cunningham,* for appellee.

No proper affidavit for attachment was filed before the issue of the attachment. The attachment was void and the court had no jurisdiction. Kirby's Digest, § 345; Drake on Attachment (7 ed.), § 89, 89a; 101 Ark. 390. Jurisdiction must be shown by the record. The finding is sustained by the evidence.

HART, J. J. Bruce Ainell instituted this action in the chancery court against Chas. Jones to set aside and declare void as a cloud upon his title, the judgment and subsequent proceedings in an attachment suit instituted in the Lawrence circuit court, Eastern District, wherein Charles Jones was plaintiff and Geo. M. Neterer and Marguerite Neterer were defendants. The material facts are as follows:

Charley Jones instituted a suit by attachment in the Lawrence circuit court for the Eastern District, against Geo. M. Neterer and Marguerite Neterer alleging that they were nonresidents of the State of Arkansas and owed him the sum of $298 and accrued interest. The record show that the attachment suit was commenced on August 31, 1907, and on that day Charley Jones filed an affidavit stating that the defendants were nonresidents of the State. A warning order was also issued on the same day. On the 28th day of February, 1908, a general order of attachment was issued. The record shows that the plaintiff by leave of the court filed an affidavit for attachment on March 10, 1908, and the affidavit for attachment filed on that day appears in the record. The judg-

ment in the attachment case among other things, recites that an order of general attachment was issued and returned showing that the sheriff of Lawrence County had legally attached the land in this suit, the affidavit and bond having been executed and filed. The attachment was sustained and the land in controversy was ordered to be advertised and sold.

Charley Jones, the plaintiff in the attachment suit became the purchaser at the attachment sale for his debt and costs and the sheriff issued to him a certificate of purchase. No deed was ever executed to him. The lands were wild and unimproved and Charley Jones never went into the possession of them. On the 20th day of February, 1911, Marguerite Neterer by warranty deed conveyed the land in question to J. Bruce Ainell. The consideration expressed in the deed was $3,000, which was recited to have been paid by J. Bruce Ainell. The deed was duly acknowledged and filed for record.

The chancellor found that no affidavit for attachment was filed as required by law before the attachment was issued, and that the judgment in the attachment suit and the sale thereunder were void because no jurisdiction was acquired by the circuit court. Accordingly a decree was entered quashing all the proceedings in the attachment case and cancelling the same as a cloud upon the title of the plaintiff in the present suit. The defendant Jones has appealed.

(1) This is a collateral attack upon the judgment in the attachment case and every presumption must be indulged in favor of the jurisdiction of the circuit court. Unless it affirmatively appears from the record itself that the facts essential to the jurisdiction of the court did not exist, a collateral attack on the judgment will not prevail. *Boyd* v. *Roane,* 49 Ark. 397; *Crittenden Lumber Co.* v. *McDougal,* 101 Ark. 390.

It is the contention of counsel for the defendant that the recital of the judgment in the attachment case that an affidavit for attachment had been filed, raises the conclusive presumption that it was filed before the writ of attachment was issued and that if it should be held that

the affidavit contained in the record is a part thereof and of equal verity with the judgment itself, that there is a presumption that there was another affidavit filed before the writ of attachment was issued. The affidavit for attachment in the record was filed by leave of the court and the order of the court permitting it to be filed shows that it was filed subsequently to the date on which the writ of attachment was issued. There is nothing in the affidavit itself or the order of court allowing it to be filed tending to show that it was filed as a substitute for a previous affidavit.

Under this state of the record, it is contended by counsel for the plaintiff that an affirmative showing is made that the writ of attachment was issued before the affidavit of attachment was filed and that therefore the judgment of the circuit court in the attachment case was void.

We do not deem it necessary to decide this perplexing question, for under the views which we shall hereinafter express, the decree of the chancellor being correct, should be affirmed, even if an erroneous reason was given therefor. If it be considered that the judgment of the circuit court in the attachment case was valid, still we think the decree should be affirmed.

This court tries chancery cases *de novo* on the record made in the court below. Section 5149 of Kirby's Digest provides in effect that to render the filing of any suit at law or in equity affecting the title or any lien on real estate, constructive notice to a *bona fide* purchaser of any such real estate, it shall be necessary for the plaintiff to file for record notice of the pendency of the suit as provided by the statute.

Section 5152, the section that is applicable to the present case reads as follows: "It shall be the duty of the sheriff, United States marshal, or other officer levying upon any real estate under and by virtue of any writ of attachment, execution or other process, to file with the recorder of deeds of the county in which the real estate is situated, a certificate of such levy or seizure, together

with a correct and full description of the real estate levied upon or seized by him; and it shall be the duty of the recorder of deeds to index and record the same in the same manner as hereinbefore provided for notice *lis pendens*."

(2-4)   In construing section 5149, the court held that the common law and equity rule of *lis pendens* have been abrogated in this State by statute and that since the passage of the statute, a suit affecting the title or any lien on real estate is not *lis pendens* until notice of the pendency of the action is filed in accordance with the statute. *Hudgins* v. *Schultice,* 118 Ark. 139; *Henry Wrape Co.* v. *Cox,* 122 Ark. 445.   The rule there applied is equally appropriate to section 5152.   What purports to be the whole record in the attachment suit was filed in the present case and it shows that no *lis pendens* was filed as required by section 5152 of Kirby's Digest.   Of course possession of land is notice of whatever right or title the occupant has, but the record shows that no deed was ever executed to Jones by the sheriff and that Jones never went into the possession of the land.   It is true he purchased at the attachment sale before the deed was made to Ainell.   For this reason counsel for Jones contended that he is protected under the rule announced in a case note to 10 L. R. A. (N. S.) 443.   We do not think the rule contended for by counsel has any application to the facts in the instant case.   It is only where the judgment or decree affects the title to the land, that it can be said that such judgment or decree ends the litigation, and that a purchaser thereafter can not be regarded a *pendente lite* purchaser.   The title to the land was not involved in the attachment suit and the judgment rendered therein did not determine the title thereto nor in any wise affect it.   No *lis pendens* notice was filed in the attachment suit as required by the statute and Ainell was not required to take notice of anything that occurred during the pendency of the attachment suit.   As we have just seen the judgment did not terminate the suit because the title to the land was not affected thereby.   The purchaser at the attachment sale could not acquire any rights against a *bona*

*fide* purchaser for value without notice until a deed was executed to him by the sheriff and placed of record, or until he had taken possession of the land. This brings us to the question of whether or not the plaintiff Ainell is a *bona fide* purchaser. A warranty deed from Marguerite Neterer to him was introduced in evidence. The consideration expressed in the deed was $3,000 which was recited to have been paid to Ainell.

(5) The recital in the deed of the payment of the consideration of $3,000 by Ainell was *prima facie* evidence that he paid that amount for the land. *Morton* v. *Morton*, 82 Ark. 492; *Dodwell* v. *Mound City Saw Mill Co.*, 90 Ark. 287; *Carwell* v. *Dennis*, 101 Ark. 603.

(6) The lands in suit were wild and unimproved and that was an adequate price to pay for them. The plaintiff in his complaint alleged that he was a *bona fide* purchaser of the land and it is shown that he paid a valuable consideration for it. The burden of showing that he purchased with notice was on the party alleging it or who relies on the notice to defeat the claim of *bona fide* purchaser. *Osceola Land Co.* v. *Chicago Mill & Lbr. Co.*, 84 Ark. 1.

The defendant did not discharge the burden thus imposed upon him. It follows that the decree of the chancellor was correct and it will be affirmed.