## JORDAN *v.* HARGIS.

### Opinion delivered January 8, 1923.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—An issue of fact submitted to the jury under concededly correct instructions need not be considered on appeal.

2. LIS PENDENS—TENANT TAKING POSSESSION UNDER DEFENDANT IN FORECLOSURE SUIT.—A tenant going into possession of land under a defendant in pending mortgage foreclosure proceedings, without actual notice of such proceedings and in the absence of constructive notice thereof, as required by Crawford & Moses' Dig.; §§ 6979-6984, is entitled to hold the land under his rental contract.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*Starbird & Starbird,* for appellant.

The defendant in foreclosure had been summoned, and the *pendente lite* was notice to all the world. No notice to the subsequent tenants of the defendant in foreclosure was necessary. They were in court and bound by the proceedings. 9 Enc. Pl. and Pr. 339; 84 Ark. 214; 57 Ark. 229; 31 Ark. 491. Crops growing on mortgaged land at the time of the sale (and *a fortiori* under a lease *pendente lite*) belong to the purchaser at the sale. 27 Cyc. 729-30; 8 A. & E. Ency. 307. See also 21 Ark. 130.

*J. E. London,* for appellee.

A verdict will be upheld if there is evidence legally sufficient to support it. 51 Ark. 467. Where there is a conflict in the testimony, the Supreme Court will not disturb the verdict. 23 Ark. 308; *Ib.* 32; 13 Ark. 72; 12 Ark. 43; 46 Ark. 542. The damages fixed by the jury should not be disturbed. 73 Ark. 377; 75 Ark. 111; 67 Ark. 531; 65 Ark. 116; 67 Ark. 433.

SMITH, J. About January 1, 1921, appellees rented certain land from J. H. McLain for the year 1921, and entered into possession thereof. The land so rented was a part of a tract of land owned by McLain, which was described in a decree rendered against McLain foreclosing a mortgage which he had executed on the land. McLain was in possession of the land at the time of making his contract with appellees. The decree of foreclosure was rendered at the November, 1920, term of the Crawford Chancery Court, and a sale was had thereunder by the commissioner on December 10, 1920. This sale was confirmed at the May, 1921, term of the court, at which time a writ of possession issued, under which appellees were ejected. Appellees were never made parties to the foreclosure proceedings, and they testified that they offered to attorn to the purchaser, but he demanded possession of the land.

After being ejected, as stated, appellees were out of possession for several days, when they reentered and proceeded with the cultivation of the crops. Appellees

sued and recovered judgment to compensate the alleged wrongful ejection, and this appeal is from that judgment. There is a controversy about the condition under which appellees reentered, it being the contention of appellant that the right of reentry was given in settlement of any claim of damages for the eviction; but that issue was submitted to the jury under instructions conceded to be correct, and need not be considered.

The question for decision is whether the court erred in giving instructions numbered 3, 4 and 5 at the request of appellees, and in refusing to give instructions numbered 1, 2, 3 and 4 requested by appellant.

The law, as announced by the instructions given, was that, if appellees had rented the land in good faith, they were entitled to hold it for the year, even though the rental contract was made after the decree of foreclosure and the sale thereunder. The instructions refused announced the converse of the proposition stated, and declared the law to be that "a person going into possession of land under the defendant in a foreclosure, after judgment and sale of the land, is in possession without right and without title, and if you find the plaintiffs' only right to possession of the land in controversy was that they rented the same from J. H. McLain after judgment and sale of the land by the chancery court, in foreclosure proceedings, to the defendant, and they were evicted by the sheriff under order of the chancery court, and no appeal was taken from said order, then you will find for the defendant." The other instructions refused amplified the proposition contained in the instruction quoted.

It will be observed that this case does not involve the rents for the year 1921, but is a suit for damages for the alleged wrongful eviction of the tenants of the mortgagor.

In stating the issues and the question to be decided on this appeal, appellant says that the theory of the court below was that, even though the plaintiffs rented

from a defendant in a foreclosure suit after a decree of sale and a sale thereunder, but before confirmation, and so rented in good faith, they were entitled to hold the land for the year covered by the rental contract; whereas appellant contends the question of good faith cuts no figure, for the reason that, the mortgagor having been duly summoned, the pending case was notice to all persons who dealt with the mortgagor concerning the subject-matter of the litigation, and that they were bound by the provisions of the decree.

Appellant cites cases decided by this court which support his contention; but they were rendered prior to the enactment of the *lis pendens* statute passed in 1903, and which is found at sections 6979-6984, C. & M. Digest.

Construing this statute in the case of *Hudgins* v. *Schultice,* 118 Ark. 144, we said: "It was evidently the purpose of the statute to abrogate the *lis pendens* rule, since it requires the filing with the recorder of deeds in the county in which the property is situated [of] a notice of the pendency of any suit at law or in equity affecting the title or any lien on real estate, to render the filing of such suit constructive notice to a *bona fide* purchaser or mortgagee of any such real estate. Section 5149, Kirby's Digest. Before its passage all such purchasers of real estate were affected by constructive notice of suits commenced affecting the title or a lien thereon and concluded by the decree against the vendor, and necessarily bound to investigate the records of all courts in which suits could be brought that would affect such title, in order to ascertain the condition of the title to any real property purchased. Now the would-be purchaser or mortgagee goes to the recorder's office, where all the instruments of title thereto are necessarily found; and if no notice of a suit pending is on file with the recorder, he is not affected with constructive notice of any such suit, and is only bound by actual notice thereof." This construction is in harmony with the following cases, which also construe that statute: *Steele* v. *Robertson,*

75 Ark. 231; *Reaves* v. *Coffman,* 87 Ark. 60; *Jennings* v.
*Bouldin,* 98 Ark. 105; *Henry Wrape Co.* v. *Cox,* 122
Ark. 445; *Jones* v. *Ainell,* 123 Ark. 532; *Zeigler* v. *Daniel,*
128 Ark. 403; *Cramer* v. *Remmel,* 132 Ark. 158.

In Wiltsie on Mortgage Foreclosure (3d ed.), sec.
177, it is said: "Every tenant who takes a lease from
the owner of the equity of redemption in mortgaged
premises, subsequent to the execution and delivery of the
mortgage, is a necessary defendant to a foreclosure. The
occupant or person in possession of the premises at the
time of the commencement of the foreclosure is also in-
dispensable, no matter how or under what circumstances
he came into possession. A tenant or occupant not made
a party is not bound by the decree, and, if omitted, he
cannot be ejected till the expiration of his tenancy."

It is true that here appellants entered into posses-
sion of the land after the institution of the suit, and they
could not therefore have been made parties originally,
and they were bound by the result of the foreclosure suit
if they had knowledge thereof, either actually or con-
structively. But no contention is made that the *lis pen-*
*dens* notice provided by section 6979, C. & M. Digest,
was given, and the jury has found that the tenants had
no actual notice of the pending suit until after they had
moved on the land pursuant to their contract.

The contention is (and the refused instructions pre-
sented that contention) that the pendency of the fore-
closure suit was itself constructive notice, and that ap-
pellees were charged with notice thereof, and could not
therefore be heard to say that they had in good faith
rented the land for the year 1921 from the mortgagor,
who was then in possession. The cases cited are against
this view, and the situation of appellees is similar to
that of tenants in possession under a lease at the insti-
tution of a foreclosure suit who were not made parties
thereto; and their rights as such are not foreclosed by
the decree against the mortgagor.

It follows, from what we have said, that the court did not err in giving or in refusing to give instructions, and the judgment is therefore affirmed.