FIRST STATE BANK *v*. COOK.

4-4153

Opinion delivered February 10, 1936.

*Festus O. Butt,* for appellant.

*Nat T. Dyer,* for appellee.

BUTLER, J. W. U. McCabe executed his note in the sum of $9,000 to the appellant bank, and, to secure the same, duly executed a mortgage on 6,800 acres of land in Baxter, Marion and Searcy counties, which mortgage was immediately filed for record and duly recorded in each of these counties. The note was dated November 7, 1928, due one year thereafter. The note being past due, and no payments having been made thereon, appellant bank, on October 7, 1931, filed suit for judgment on its debt, and for foreclosure of appellee's equity of redemption on the lands described in the mortgage.

Final decree of foreclosure was entered on April 15, 1935, and the lands ordered sold. At the sale made pursuant to the decree appellant purchased the lands described in the mortgage. At an adjourned term of the court, held on July 19, 1935, the commissioner's report of sale coming up for confirmation, the appellee, Arlin Cook, intervened, objecting to the confirmation of the sale in so far as it affected 200 acres of land included in the mortgage which he alleged he had acquired by pur-

chase from W. U. McCabe, pleading the statute of limitation, and praying that appellant's suit as to these lands be dismissed.

The intervention and objections of the appellee were submitted to the trial court under an agreed statement of facts. The court sustained the plea of the intervention, disapproved the sale, set aside the decree of foreclosure in so far as it affected the lands claimed by the appellee, and quieted the title in him as against appellant. To review that decree is this appeal.

From the agreement of counsel the material facts, briefly stated, are that after the execution and recording of the mortgage from McCabe to the appellant, the appellee, Cook, on the 13th day of June, 1930, purchased the 200 acres of land involved, described as the northwest quarter and the northwest quarter of the northeast quarter, section 19, township 17 north, range 13 west, in Baxter County, for a consideration of $900; that the deed was duly recorded on the day of its execution, and that Cook went into immediate possession thereof, and has since been continuously in such possession, and was so at the time of the filing of the intervention; that at the time of the filing of appellant's suit to foreclose on October 7, 1931, and at no time thereafter, was the appellee made a party to the suit, or any summons issued or served upon him in said proceeding; that he had no knowledge of the existence of the mortgage or the indebtedness which it secured, and no knowledge of the pendency of the action to foreclose until June 29, 1935, when he took immediate steps to inform the appellant of his claim and title to the lands claimed by him. It was further agreed that no notation of any payments was made on the margin of the record of the mortgage in the office of the recorder of deeds for Baxter County, and no notice *lis pendens* was filed at the time of the institution of the suit to foreclose, and that none has since been filed.

Our attention has been called to §§ 7382 and 7408 of Crawford & Moses' Digest. Section 7382 provides that an agreement for the extension of the payment of the debt secured should be by noting the same on the margin

of the record where the mortgage or deed of trust is recorded, and § 7408 provides for the notation on the margin of the record of payments made on the debt secured. These statutes have no application, because no extension agreements or payments were made on the note, and it was not necessary to have any such as the suit to foreclose was instituted well within the statutory period of limitation.

When appellee purchased, he did so with constructive notice that the lands had been conveyed to the appellant by his grantor by mortgage or deed of trust to secure the payment of appellant's debt. His purchase was therefore necessarily subject to the prior rights of the appellant. He was the privy in estate to his grantor, McCabe, and took only such estate as McCabe could convey.

"A purchaser with actual notice of the mortgage, or constructive notice by means of a registry, can avail himself of the presumption of payment from lapse of time only when the mortgagor could avail himself of it under the same circumstances. The grantee succeeds to the estate and occupies the position of his grantor. He takes subject to the incumbrance; and his title and possession are no more adverse to the mortgagee than was the title and possession of the mortgagor. * * * A purchaser from the mortgagor stands in no better position than the mortgagor himself as to gaining title by possession and lapse of time, if the mortgage be recorded. The record is notice of the mortgage to a subsequent purchaser; and the mere fact that he has had actual possession under his purchase for the statute period of limitation is no bar to a foreclosure of the mortgage." 2 Jones on Mortgages, (8th ed.), § 1540, p. 1038. *Less* v. *English*, 75 Ark. 288, 87 S. W. 447; *McIlroy* v. *Mulholland*, 169 Ark. 1212, 277 S. W. 16.

The appellee concedes the effect of the rule stated, but contends that it has no application since the passage of the statute now contained in § 6979 of Crawford & Moses' Digest providing for filing of notice of *lis pendens* and cites the case of *Jordan* v. *Hargis*, 156 Ark. 408, 246 S. W. 476, in support of that contention. The common-

law doctrine of *lis pendens* is that one who purchases from a party pending suit a part or the whole of the subject-matter involved in the litigation takes it subject to the final disposition of the cause, and is bound by the decision that may be entered against the party from whom he derived title. This doctrine has no relation to transactions prior to the institution of the suit, and the statute (§ 6979, *supra*) merely changes the common-law doctrine by requiring that, before third parties can be affected by the suit, a notice of its pendency shall be filed with the recorder of deeds of the county in which the suit is pending, which notice shall set forth certain matters relating to the suit as set out in the statute.

Whatever interest appellee acquired in the lands claimed by him was acquired before the institution of the suit, and manifestly the doctrine of *lis pendens* has no application.

The appellee was a necessary party to the foreclosure proceedings, and, not having been made a party, the decree of foreclosure does not preclude him from setting up any defense which his grantor might have had. He has, however, set up no defense, but the plea of limitation, and that is without merit. The decree of the trial court will therefore be reversed, and the cause remanded with directions to overrule the objections of the appellee, and confirm the sale, subject to appellee's equity of redemption.