MITCHELL *v.* SMITH, ADMINISTRATOR.

4-7161 175 S. W. 2d 201

Opinion delivered November 22, 1943.

*John W. Nance, Lee Combs* and *Carl V. Stewart,* for appellant.

GRIFFIN SMITH, Chief Justice. J. N. Mitchell, quite old and unlettered,[1] executed in favor of a son, T. G. Mitchell, deed to fifty acres, retaining a life estate. Signature was by mark witnessed by J. W. Combs, Clifton Thomas, and A. W. Norris. The instrument was dated January 26, 1938. There was testimony that the deed was delivered shortly after execution, but not recorded until subsequent to the grantor's death in 1942. Recited consideration was $600.

Appellees sued to cancel, alleging that J. N. Mitchell did not execute the deed. It was also alleged that the deed was procured by fraud, that the grantor was incompetent, and that there was want of consideration.

[1] It was argued that because of age J. N. Mitchell lacked mental capacity to execute the deed in question. However, his exact age is not shown.

The Court's findings, as expressed in the decree, were that J. N. Mitchell executed, acknowledged, and delivered the deed while in possession of normal mental faculties, but that the consideration of $600 was not paid, nor was anything of value given to support the conveyance.

Evidence is that appellant had lived with his father for many years, but expressed an intent to go elsewhere; whereupon the father proposed that in exchange for appellant's continuing residence with him and the incidental services thus bestowed, a deed in remainder to the fifty acres would be given. Its execution and delivery were in consequence of appellant's acceptance of the offer.

It is our view that the Chancellor's finding in respect of consideration is against the weight of evidence. Parol testimony is admissible to show the true consideration upon which a deed rests, but may not be used to show there was no consideration. *Whitlock* v. *Barham & Duncan*, 172 Ark. 198, 288 S. W. 4.

Reversed, with directions that title be quieted in appellant.