Finch v. Holmes.

4-9454                                          238 S. W. 2d 644

Opinion delivered April 2, 1951.

Rehearing denied April 23, 1951.

*M. A. Hathcoat,* for appellant.

*Henley & Henley,* for appellee.

Robinson, J.   This appeal involves the title to certain real estate owned at the time of his death by Lee Holmes, father of Hilliard, Ava, Bonnie, and Lowry Holmes.  Lee Holmes died intestate in 1943; Hilliard died in August, 1949; a few days thereafter Lowry died, intestate and without issue.  G. C. Holmes is the son, and Stella Holmes is the widow, of Hilliard Holmes.  They filed this suit to partition the above mentioned property.  G. C. Holmes is the only heir of Hilliard, and is claiming a one-third interest in the property, subject to the dower of his mother, Stella Holmes.

Ava Holmes, whose married name is Finch, and Bonnie Holmes, whose married name is Andrews, claim that they are the rightful owners of such property by virtue of an agreement with their father whereby they deeded certain lands to Hilliard.  They further state that the consideration for such agreement was that they were to receive eventually the interest in the Lee Holmes home place that Hilliard otherwise would have received.

On the 25th day of January, 1919, Ava, Bonnie and Lowry transferred by deed their 3/28ths undivided inter-

est in certain lands to Hilliard. The consideration named in the deed was $482.15, receipt of which was acknowledged. However, Ava and Bonnie now say that they did not actually receive the $482.15, as recited by the deed which was executed, acknowledged and delivered, but, in lieu thereof, were to have received Hilliard's interest in the Lee Holmes home place.

Parole evidence is admissible to prove that the consideration named in the deed is not the true consideration. *Mitchell* v. *Smith, Admr.*, 206 Ark. 936, 175 S. W. 2d 201; *Whitlock* v. *Barham & Duncan*, 172 Ark. 198, 288 S. W. 4; *J. H. Magill Lumber Co.* v. *Lane White Lumber Co.*, 90 Ark. 426, 119 S. W. 822.

An examination of the record, however, does not reveal evidence sufficient to set aside the decree of the Chancellor, which was in favor of appellees.

Affirmed.