## MOONEY *v.* GANTT.

4-9570 · 243 S. W. 2d 9

Opinion delivered November 5, 1951.

*W. H. Kitchens, Jr.*, for appellant.

*N. J. Gantt, Jr.*, and *McKay, McKay & Anderson*, for appellee.

ED. F. McFADDIN, J. Appellants sought to cancel an instrument which their mother had executed to the appellee; and from a decree refusing the prayed relief, they prosecute this appeal.

Mrs. L. E. Mooney, being the owner in fee of 120 acres of land in Columbia County, executed and delivered

to appellee an instrument, the germane portions of which read:

## "CONTRACT FOR THE SALE OF SAND AND GRAVEL

"THIS CONTRACT made and entered into on this the 11th day of June, A.D. 1940, by and between Mrs. L. E. Mooney, party of the first part, and C. J. Gantt, party of the second part.

## "WITNESSETH:

"For and in consideration of the sum of One Dollar, receipt of which is hereby acknowledged, I, Mrs. L. E. Mooney, party of the first part, hereby agree to sell to C. J. Gantt, party of the second part, all gravel and sand located in and on the following described land lying in the County of Columbia and State of Arkansas, to-wit: (Here follows description of land) for the price of 15 cents per cubic yard for stripped gravel, and 10 cents per cubic yard for unstripped gravel, said sand and gravel to be measured at the gravel washing plant of the Gantt Gravel & Sand Company, such measurements to be made by the party of the second part. . . .

"It is further understood and agreed that the party of the second part is now exercising his right to remove gravel from the above described land and shall have the right to continue the mining and removing of sand and gravel from said land so long as sand and gravel are being mined and hauled from said land, and it is further understood that the party of the second part may at any time thereafter cease to mine and remove gravel and sand from the above described land at his option with no other charges incurred than the payment to the party of the first part the sum of 15 cents per cubic yard for stripped gravel and 10 cents per cubic yard for unstripped gravel as above stipulated for the actual quantity of sand and gravel removed from such land.

"This contract is to remain in full force and effect so long as the party of the second part continues to mine

and remove sand and gravel from any pit or pits that are or may be located upon the above described lands.''

Appellee Gantt regularly removed sand and gravel from the land; and over the years his checks to Mrs. Mooney averaged from $35 to $65 per month. Mrs. Mooney died February 4th, 1950, having devised her property to the appellants who are her four sons. They filed this suit on February 20th, 1950, seeking to cancel all of Gantt's rights under the aforesaid instrument; and the complaint alleged:

''That said instrument lacks mutuality of both obligation and consideration: defendant paid no consideration for the instrument, which is indefinite as to amount and time within which gravel and sand are to be removed, and completely devoid of any obligation on part of defendant to actually mine and remove gravel and sand from said lands, and said instrument is void.

''That under terms of said instrument, it was and is entirely optional with defendant whether or not he mines and removes sand and gravel, and defendant being never bound on his part to do the act which formed the reason for the promise of Mrs. L. E. Mooney, said instrument is void for want of mutuality.''

The prayer was:

''WHEREFORE, plaintiffs pray said instrument and record thereof be cancelled, set aside and held for naught, that plaintiffs' title be quieted and confirmed as against defendants, and for all other, further and general equitable relief, and in any event, plaintiffs ask the right to mine and remove gravel and sand.''

As aforesaid, trial in the Chancery Court resulted in the decree refusing the prayed relief; and this appeal followed. We affirm the Chancery Court.

I. *Consideration.* Even assuming that in the absence of allegations of fraud, etc., appellants could be permit-

ted to introduce evidence to impeach the existence of all consideration[1] recited in the written instrument, nevertheless there was positive testimony that the recited dollar was actually paid to Mrs. Mooney when the instrument was signed by her in the lawyer's office. We therefore hold that consideration was established. See *Jones v. Ainell,* 123 Ark. 532, 186 S. W. 65.

II. *Mutuality.* To support their claim of want of mutuality, appellants cite and strongly rely on *Grayling Lumber Co.* v. *Hemingway,* 124 Ark. 354, 187 S. W. 327.[2] But that case involved a labor contract rather than a lease of real estate or a grant of right to explore for minerals. In *Lawrence* v. *Mahoney,* 145 Ark. 310, 225 S. W. 340, and in *Epperson* v. *Helborn,* 145 Ark. 566, 225 S. W. 345, 15 A. L. R. 597, we held one dollar to be sufficient consideration for an oil and gas lease, since there was the implied covenant to develop and the express covenant to pay royalty.[3] The case of *Morley* v. *Berg,* 218 Ark. 195, 235 S. W. 2d 873, involved the removal of gravel; and we there cited the oil and gas case of *Mansfield Gas Co.* v. *Alexander,* 97 Ark. 167, 133 S. W. 837. So the holdings in the oil and gas cases apply to a case like this one, where there is a grant, or lease of premises, for mining and removal of minerals, and with the promise by the grantee to pay royalty. The evidence in the case at bar shows that the appellee has all the time continued to diligently fulfill the implied covenant to mine the sand and gravel and the express covenant to pay royalty.

Affirmed.

[1] See *Mitchell* v. *Smith,* 206 Ark. 936, 175 S. W. 2d 201; and see other cases collected in West's Arkansas Digest, "Evidence," Key No. 432.

[2] See same case on second appeal, 128 Ark. 535, 194 S. W. 508.

[3] For other cases to like effect and involving implied covenants to develop, see *Grooms* v. *Minton,* 158 Ark. 448, 250 S. W. 543; *Miller* v. *Mauney,* 150 Ark. 161, 234 S. W. 498; *Mansfield Gas Co.* v. *Alexander,* 97 Ark. 167, 133 S. W. 837; *Poindexter* v. *Lion Oil Refining Co.,* 205 Ark. 978, 167 S. W. 2d 492; and cases collected in West's Arkansas Digest, "Mines and Minerals," Key No. 58.