# SUPREME COURT

OF THE

# STATE OF ARKANSAS,

AT THE

## NOVEMBER TERM, 1882.

---

### McGehee v. State, Use, Etc.

Conveyances: *Description of land.*

A description in a mortgage of a tract of land as "lying and situate in the County of Phillips and State of Arkansas, and known and designated on the plats of the survey of the public lands as the part of a tract originally patented to Sylvanus Phillips, under Silas Bailey, being a Spanish concession for six hundred and forty acres (ten acres of said tract belongs to Josiah S. McKeil), leaving six hundred and thirty acres, lying and being in township number one north, and range number four east, containing in the whole, according to survey, six hundred and thirty acres of land," is sufficiently definite to carry the title to the mortgagee.

APPEAL from *Pulaski* Chancery Court.

Hon. D. W. Carroll, Chancellor.

*U. M. & G. B. Rose* for appellant:

The mortgage is void for uncertainty in the description of the land. *Fuller v. Fellows, 30 Ark., 657; Mooney v. Coolidge, ib., 640; Howell v. Rye, 35 ib., 477; Bowers v. Andrews, 52 Miss., 596; Hughes v. Streeter, 24 Ill., 647; Shackelford v. Bailey, 35 Ill., 387.*

It was error for the Chancellor to look into the title papers filed by intervenor and piece out the description in the deed by reference to them. *Percifull and Wife v. Platt, 36 Ark., 456; Hall v. Bonville, ib., 492.*

*Moore,* Attorney-General, for the appellee:

The decree is correct and in accord with *Doe v. Porter, 3 Ark., 18; Mooney v. Coolidge, 30 Ark., 640; Montgomery and Wife v. Johnson, 31 Ark., 74.*

EAKIN, J.  This suit was begun by the State, and proceedings had, under the special act of January 16, 1861, to foreclose a stock mortgage executed by William B. McKeil to the Real Estate Bank in 1837.

Upon such showing of right as is required by section 4 of the act, the appellant was allowed by the court below to defend, as owner, and he demurred to the bill.  His demurrer was overruled, and he rested.  The lands were condemned, and he appealed.

CONVEY-ANCES:
Descrip-tion of land, cer-tainty in.

There is no complaint of any irregularity in the proceedings as not being authorized by the act, and none presents itself to our notice in running over the voluminous transcript.  The appellant stands upon the single point that the demurrer should have been sustained, because the land was not described in the mortgage with sufficient certainty to make it valid against subsequent purchasers from the mortgagor.  The description is in full, as follows:

" The following described tract or parcel of land, lying

and situate in the County of *Phillips* and State of Arkansas, and known and designated on the plats of the survey of the public lands as the *part of a tract originally patented to Sylvanus Phillips, under Silas Bailey, being a Spanish concession for six hundred and forty acres (ten acres of said tract belongs to Josiah S. McKeil), leaving six hundred and thirty acres, lying and being in township number one north, and range number four east,* containing in the whole, according to survey, *six hundred and thirty* acres of land."

In the copy of the mortgage exhibited, the words italicized above are in manuscript, the rest being in a printed form. The same is true of the bill itself.

In determining the sufficiency of the description, we can not look to the documentary evidences of title, offered to the court by defendant, or, as he is called, the *intervenor*. They were for the special purpose of obtaining the interlocutory order, allowing him to appear, and form no part of such pleadings as may be considered on demurrer. There is nothing to aid the allegations of the bill, and the demurrer presents the dry and naked question: Does the description indicate anything so definitely as to carry a title ?

The Spanish concession, in Phillips County, for 640 acres patented to Sylvanus Phillips, under Silas Bailey, is doubtless described with sufficient certainty. A surveyor, by the aid of the public records and plats of public surveys, might easily find it, without any parol evidence.

But the mortgage professes to convey only *a part* of this. It recites, in parenthesis, that ten acres of it belong to Josiah S. McKeil, and as the Chancellor rightfully, we think, construed the effect of it to be, intends to convey the whole Spanish concession patented to Phillips, save ten acres described, not by metes and bounds, but as belonging to Josiah S. McKeil. It could not have meant a part of

the remainder, for the number of acres mentioned includes all the rest. Narrowed to this point, the only obscurity left is as to the exact location of the ten-acre tract. We are aided to find that by the fact that it belongs to Josiah, who must either own it by deed, inheritance, or continued adverse occupancy. The fact being referred to in the mortgage, by which the excepted ten acres might be known, and the means of ascertaining it being obvious, it seems to us that all the right, title and interest which William McKeil had in the Spanish concession passed to the mortgagee, and there being an interest on which it could operate, so as to be enforced when the facts should be ascertained, it can not be said that it was void, or that a bill to foreclose it was without equity. The intervenor might have had the exception made more certain.

This is very clearly distinguishable from a conveyance of lands, without any metes, bounds, or description to fix locality, or facts referred to which would aid in doing so. It is also distinguishable from the cases of uncertain and indefinite reservations out of certain grants. But it is conceded that this was not a reservation, for that would make the mortgage good for the whole.

It is contended that the mortgagor did not mean to convey all he had, but only a part of the 630 acres, and that part can not be ascertained from the instrument, or the bill. As above stated, we do not assent to this construction, rather supposing that the expression in parenthesis meant to designate the remainder as the part conveyed.

It might, perhaps, be plausibly argued that it consists with the bill, as explained by the exhibit, to suppose that Josiah had a mere equitable ownership, a vested right to have ten acres reasonably laid off to him; and that the parenthesis was to save him that right, by giving notice.

This would be but the case of an ownership badly stated, and it might have been made more definite on motion. But if, when made so, it had appeared to be only such an equity as is supposed, then the owner of the land would be in bad plight if he could not convey his property subject to that equity, and that would be the purpose of the mortgage. For, if the facts be true, it would be a pre-existing equity, and not one attempted to be created by the mortgagor at the time. It may reasonably be said that if he had desired *in the same instrument* to reserve such an equity to himself, or to raise it for another, he ought so to frame the instrument as to leave no ambiguity, for he can control that, and if he leaves the reservation to himself, or the provision for another, uncertain, the whole should pass. And so the law does say, as we held in *Mooney et al. v. Coolidge, 30 Ark., 640.* The reason and principle of that case do not apply to this.

The bill discloses equities, and the demurrer was properly overruled.

Affirmed.