## MARTIN v. URQUHART.

Opinion delivered October 15, 1904.

DEED—DESCRIPTION OF LAND—CONSTRUCTION.—A deed which conveys "the property known as the J. J. Martin plantation, embracing" certain lands, of which a particular description is given, and containing certain exemptions and reservations, embraces a tract of land which is part of such plantation, though not particularly described.

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

Affirmed.

*J. A. Watkins,* for appellants.

A subsequent particular description of lands controls a former general one. 3 Ark. 18; 11 Mass. 167; 4 Mass. 205; 19 Ark. 108; 21 Ark. 327; 30 Ark. 645; Devlin, Deeds, §. 1035, p. 355.

*Rose, Hemingway & Rose,* for appellee.

The deed to "the J. J. Martin plantation" conveyed the four acres in controversy, though same did not lie within the subdivisions mentioned in the deed following said general description. 2 Dev. Deeds, § 1018; 3 Greenl. 393, 398; 44 Cal. 132; 18 Ia. 460; 49 Ark. 115; 31 Ark. 74; 3 Ark. 18, 58.

BATTLE J. Martin and wife conveyed, by deed, to Urquhart lands lying in the county of Pulaski and State of Arkansas, and described them therein as follows:

"The property known as the, J. J Martin plantation, embracing the east two-thirds of the north fractional half of section 6, township 1 north, range 11 west, except the land conveyed to Adolph Topf by the grantors herein by warranty deed on the 10th day of June, 1889, which is now of record in Deed Book 26, page 412, in the office of the recorder of Pulaski county, Arkansas; except also the lands conveyed by grantors by their warranty deed on the 24th day of April, 1893, to the Crescent Cotton Oil Company, which said deed is now of record in the office of the recorder of Pulaski county, Arkansas, in Deed Book 40, page 522. Also the east fractional half and east two-thirds of the southwest quarter of section 31, township 2 north, range 11 west, but said grantors reserve a half acre of land to be laid off by them in a square in the said southeast quarter of the southeast quarter of said section 31, and embracing the land enclosed as the family burial ground, so long as it is used as such."

After the deed was executed and the consideration was paid, Martin refused to surrender a tract of four acres on which were located valuable improvements, on the ground that he had not conveyed it. The evidence in this case proved, and the jury found, that it was a part of the J. J. Martin plantation. Was the deed sufficient to convey it? The words "the property known as the J. J. Martin plantation," used in the deed, were sufficient to describe the tract of four acres. The words following that allege that the J. J. Martin plantation embraces certain lands do not limit or restrict their meaning, or except any lands save those expressly reserved. They were not intended to show that the lands described constitute the whole of the plantation, for they do not; the tract of four acres being a part. Neither do they except the four acres from conveyance by the deed. If the words "the property known as the J. J. Martin plantation" included only the lands

thereafter described or specified, they are meaningless and purposeless. There is nothing in the deed to indicate such to be the fact. They could have been reasonably used only for the purpose of conveying the whole of the J. J. Martin plantation, except the lands expressly reserved; were obviously used for that purpose; and such was their effect.

Judgment affirmed.