CASTLE *v.* SANDERS.

Opinion delivered October 15, 1923.

SEWERS—IMPROVEMENT DISTRICT—NOTICE OF FILING OF PETITION.—
Where a notice of a filing of a petition for a sewer improvement district a correct description by section lines of all the lands included in the district, failure of the notice to include a single lot in an alternative description of the lands by lots and blocks, was not fatal to the organization of the district.

Appeal from Pulaski Chancery Court; *C. B. Thweatt,* special chancellor; affirmed.

*Louis Tarlowski,* for appellant.

The court erred in dismissing the complaint. The statute was mandatory and not directory, and, being mandatory, its provisions must be strictly followed. Failure to insert in the published notice a description of one lot owned by appellant and situated within the proposed district is, under the terms of the statute, a fatal defect in the organization of the district. 104 Ark. 298; 67 Ark. 30; 113 Ark. 567; 115 Ark. 163; 134 Ill. 330; 58 Calif. 237. Statutory requirements are mandatory in the formation of local improvement districts. 50 Ark. 116; 59 Ark. 344; 30 Ark. 609; 79 Ark. 236; 98 Ark. 505; 28 Ark. 359; 31 Ark. 334; 59 Ark. 344; 30 Ark. 487; 71 Ark. 556; 82 Ark. 247; 59 Ark. 237. It is a general rule that, where the Legislature makes no exception in a statute, the court can make none. 16 Ark. 671; 59 Ark. 297; 6 Ark. 14; 42 Ark. 121; 13 Ark. 291; 24 Ark. 487; 62 Ark. 585; 59 Ark. 237; 20 Ark. 410. Where the language is unambiguous, there is no room for construction of a statute. 56 Ark. 110; 46 Ark. 159; 110 Ark. 99; 93 Ark. 42.

*Sam T. & Tom Poe,* for appellees.

The notice contained a sufficient description of the property. 138 Ark. 339. Congressional subdivision description includes all parcels, tracts and lots within the limits of the same. 72 Ark. 496; 70 S. W. 143.

WOOD, J. This action was instituted by the appellant against the appellees. The appellant alleged in his complaint that he was owner of real property in Little Rock-North Heights Sewer District No. 1 of Pulaski County, Arkansas, to-wit: Lot 2, block 12, Park Hill Addition to city of North Little Rock, Pulaski County, Arkansas. He set up that on the 4th of May, 1923, certain owners of real property in Pulaski County presented a petition to the county court praying for the formation of a local improvement district for the purpose of building a sanitary sewer system, under authority of act 126 of the Acts of 1923, p. 84. The land embraced

in the petition is described in the complaint. The appellant then alleges that, pursuant to the provisions of act 126, the clerk of the Pulaski County Court caused notice of the filing of the petition to be published in the city of North Little Rock, Pulaski County, Arkansas; that the notice as published omitted one lot which was intended to be a part of the proposed improvement district as set forth in the petition. The lot omitted is lot 40, block 5, Park Hill Addition to the city of North Little Rock, Arkansas. The complaint further alleged · that the published notice contained the same description . as was set forth in the petition, except the above mentioned lot; that the land was described in the petition under the congressional subdivision as the $S\frac{1}{2}$ $SE\frac{1}{4}$ $SE\frac{1}{4}$ and $E\frac{1}{2}$ $SE\frac{1}{4}$ $SW\frac{1}{4}$ $SE\frac{1}{4}$ section 22; $S\frac{1}{2}$ (except $NE\frac{1}{4}$ $NE\frac{1}{4}$ $SE\frac{1}{4}$) of section 23, which includes certain blocks (describing them by number) and lots numbered from 39 to 46 inclusive, block 5 in Park Hill Addition to North Little Rock, and certain other lands, the description of which is set out in the complaint; that the published notice described the property the same as in the petition and the order of the court creating the district, except that, in enumerating the particular lots in block 5, lot 40 is omitted. The appellant then alleged that the appellees, as commissioners of the district, were proceeding to take steps to make the improvements for which the district was created; that the order of the court creating the district was void, and concluded with a prayer that it be so declared and that the appellees be enjoined from taking further steps looking toward the making of the improvements contemplated in the order creating the district. A copy of the petition for the formation of the district, and of the notice and of the court's order creating the district, were made exhibits to the complaint.

The appellees entered a general demurrer to the complaint, which the court sustained. The appellant stood on his complaint. The court entered a decree

dismissing the same for want of equity, from which is this appeal.

The only question for decision is whether or not the omission of lot 40 from the published notice rendered the order creating the district invalid. Act 126 of the Acts of 1923 provides for the creation of improvement districts of the character set forth in the petition, when such petition is presented to the county court by a majority in value in acreage or numbers in any territory adjacent to a city having a population of more than 10,000 inhabitants, and that portions of incorporated towns and cities may be included upon the conditions therein specified. The act provides that, upon the filing of the petition, it shall be the duty of the county clerk to give notice of the filing thereof, describing the territory to be affected, and calling upon all persons who wish to be heard upon the question of the establishment of the district to appear before the county court, on a day to be fixed in the notice. The act provides the form of the notice, which is to the effect that a petition is on file at the office of the county clerk, praying for the formation of an improvement district, describing its purpose, and calling upon all persons desiring to be heard on the question of the formation of the district to appear on a certain day. The act, in prescribing the form of the notice, provides that the notice shall contain a description of the lands affected, and "that same may be described by using the largest subdivision possible."

The appellant relies upon cases in this court and other authorities to the effect that the publication of the notice to the landowners in a contemplated improvement district in the manner prescribed in the statute is jurisdictional, and that the district is not created without it. *Crane* v. *Siloam Springs,* 67 Ark. 30; *Norton* v. *Bacon,* 113 Ark. 567; *Voss* v. *Reyburn,* 104 Ark. 298; *McRaven* v. *Clancy,* 115 Ark. 163. In the last of the above cases, among other things, we said: "The omission from the publication of one lot which was included in the petition and ordinance creating the district can-

not be said to be an immaterial variance. The statute, being mandatory and jurisdictional, must be strictly complied with, and other notice than that contained in the statute of the passage of the ordinance is not sufficient and cannot be substituted for the notice prescribed by the statute.''

The authorities upon which appellant relies are not applicable to the facts of this record, because here the published notice does not omit, in fact, any land that was embraced in the petition for the formation of the district and in the order of the court creating the same. In those cases there was an entire omission in the notice of any description of the lots that were included in the petitions and ordinances. Here, it is true, the notice, in enumerating the particular lots included in the general description, omitted lot 40 in block 5, but this particular lot was included in the general description "S½ (except NE¼ NE¼ SE¼) of section 23." Any property owner, in reading the notice, would see at a glance that the failure to mention lot 40 was but a clerical misprision, and that said lot was necessarily included in the description by government subdivision. It is not like the cases of *Voss* v. *Reyburn* and *McRaven* v. *Clancy, supra,* where the notice failed to include lands that were embraced in the petitions for, and ordinances creating, the districts. Under the form of notice prescribed in the statute, the description of the property embraced in the district, by using the government subdivision, was entirely sufficient, because it is expressly provided that the lands to be embraced in the district "may be described by using the largest subdivisions possible.''

After the lands were described in the notice as the S½ (except NE¼ NE¼ SE¼) of section 23, it was wholly unnecessary to then enumerate the lots and blocks included in that description. All landowners were notified by the general description that every block and lot embraced within that description would be included in the district, if the same were established by the court.

And even a casual reading of the notice as a whole would advise any property owner that, since all of the blocks and lots in the S½ of section 23 were included, a failure to include lot 40 in the description by lots and blocks was an obvious misprision.

In the case of *Martin* v. *Urquhart,* 72 Ark. 496, a deed was executed which conveyed the property known as the "J. J. Martin plantation," embracing certain lands. A particular description of these lands was then given, and the deed contained certain exemptions and reservations. It was held that this description embraced a certain four acres of the land which were not included in the particular description given in the deed. The court said: "The words 'the property known as the J. J. Martin plantation,' used in the deed, were sufficient to describe the tract of four acres. The words following, that allege that the J. J. Martin plantation embraces certain lands, do not limit or restrict their meaning, or except any lands save those expressly reserved." That principle is applicable here. The notice under the statute was sufficient if, taking it as a whole, it contained the lands described in the petition for the formation of the district. The notice in this case does that. The property owners who owned this particular lot 40 had signed the petition. They knew that lot 40 was included, and any other property owner in the district would necessarily have been advised, after reading the notice as a whole, that all lots in block 5 were included in the proposed district.

The decree of the court was therefore correct, and it is affirmed.

HART, J., dissenting.