### BOSTICK *v.* PERNOT.

#### Opinion delivered October 20, 1924.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—BOUNDARIES. —Where the original petition for creation of an inprovement district and the ordinance creating it correctly described the boundaries of the district, the ordinance was not invalidated by the fact that the published copy of the ordinance contained obvious clerical or typographical errors in the enacting clause in describing the boundaries of the district, where the published preamble correctly described such boundaries.

2. MUNICIPAL CORPORATIONS—INDEFINITENESS OF PLANS.—Plans for a paving district which stipulated that a concrete pavement should be laid, but left it to the discretion of the commissioners to select the type of concrete which, considerering its durability and cost, would conserve the best interests of the people of the district, *held* not too indefinite.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; affirmed.

*George G. Stockard,* for appellant.

The difference in the description of the petition and ordinance passed by the city council and that in the ordinance published, is fatal to the validity of the district. 104 Ark. 298; 67 Ark. 30. The failure of the commissioners to make definite plans renders all subsequent proceedings void. 134 Ark. 315.

*C. M. Wofford,* for appellee.

Patent clerical or typographical errors in the description of the boundaries of improvement districts will not invalidate their formation. 148 Ark. 634. In determining boundaries of a tract of land it is not permissible to disregard any of the calls if they can be applied and harmonized. 4 R. C. L. 110. The county court has jurisdiction in all matters concerning the internal improvement and local concerns of the county. 43 Ark. 324.

WOOD, J. This is an action by taxpayers in Paving District No. 4 of the city of Van Buren attacking the validity of an ordinance of the city council of Van Buren creating the district. The original petition for the creation of the district, signed by ten property owners of the district, and the ordinance creating the district, described the boundaries of the district as follows:

"Beginning at the southwest corner of block one (1) Knox Addition to the city of Van Buren, Arkansas, thence due east to the center of the main line of the St. Louis and San Francisco Railroad, thence in a northeasterly direction along the center of the said main line to a point 140 ft. due east of the east line of Cane Hill Street; thence due north on a line 140 feet due east of the east line of said Cane Hill Street, through Drennen Addition, to the south line of William Penn Street; thence west along the south line of William Penn Street to a point due south of the line between lots two and three of Boatright & Ayers' subdivision of Drennen Addition to the city of Van Buren, Arkansas; thence due north across William Penn Street and on the line between lots two and three of Boatright & Ayers' subdivision of Drennen Addition to the north line of Pennywitt Street; thence due west along the north line of Pennywitt Street to the southeast corner of block thirteen, Knox Addition to the city of Van Buren; thence west to a point due north of the northwest corner of block nine, Knox Addition to said city: thence due south along the east line of Washington Street to the southwest corner of block one, Knox

Addition to the city of Van Buren, the place of beginning, and being wholly within the corporate limits of the city of Van Buren, Arkansas.''

The boundaries of the district as above set forth in the original petition and in the ordinance creating the district are correctly described in the preamble to the ordinance, which was published in the Van Buren Press-Argus as required by § 5650 of Crawford & Moses' Digest. But, in the enacting clause of the ordinance as thus published, the words ''thence west along the south line of William Penn Street'' are omitted, and after this omission the description is ''to a point due south of the line between lots one and two, block 4,'' when, in order to conform to the description in the original petition and ordinance as passed by the council, the description should have been ''to a point due south of the line between lots two and three'' instead of lots one and two, and leaving out the words ''block 4.''

The omission of the words in the correct description as contained in the original petition and in the ordinance as passed and in the preamble to the ordinance as published, and the insertion of the improper description in the enacting clause of the ordinance as published, creates an impossible situation. It was an error in the description so glaring that any property owner seeking to discover the true boundaries of the district as created by the ordinance could not be misled by this description. A property owner, when he compared the description in the original petition and ordinance as enacted by the council and as contained in the preamble to the ordinance as published, would readily perceive that the words omitted from the description in the enacting clause of the published ordinance and the words inserted therein were the result of a mere clerical misprision. The property owner, in reading the preamble to the published ordinance, would know that it contained a correct description, and he would also know that it was the intention of the typographer to follow such description, and that, in attempting to do so, he had made an impossible and erroneous

description. Patent clerical or typographical errors in the published description of boundaries of improvement districts will not invalidate the ordinances creating them.

In R. C. L., vol. 4, p. 110 and 111, it is said: "In determining the boundaries of a tract of land it is not permissible to disregard any of the calls if they can be applied and harmonized in any reasonable manner; if there is an actual contradiction between calls in the description of land, the court may reject the one which is false or mistaken, and an unreconcilable call may be disregarded if it appears to have been inserted by mistake." See *Johnson* v. *Hamlen,* 148 Ark. 634; *Castle* v. *Sanders,* 160 Ark. 391.

This case is clearly differentiated from the cases of *Voss* v. *Reyburn,* 104 Ark. 298, and *McRaven* v. *Clancy,* 115 Ark. 163. In those cases the publication of the ordinance failed to include lands that were embraced in the petitions for and in the ordinances creating the districts. It is not so here.

2. The appellant contends that the plans filed by the commissioners and approved by the city council are too indefinite in that they do not definitely describe the kind and type of paving to be constructed. The board of improvement, in reporting their plans to the city council, submitted, as a part of their report, the plans for the improvement as prepared by the engineer of the district. The engineer reports that it was advisable to use some type of concrete pavement. The board of improvement, in its plans, reported as follows: "While the estimated cost is based upon the use of plain concrete, we will advertise for bids upon this kind of paving both with separate and integral curb and gutter and also vibrolithic concrete paving. If the prices bid permit the use of vibrolithic concrete paving with the funds available, this type of paving will be selected, as we believe it will be for the district's best interest."

The estimated cost of the above types of concrete was set forth in the engineer's report attached to and

made a part of the report of the board of improvement. It will be observed that the board definitely planned a concrete pavement, the type to be used depending upon the cost thereof and the funds available. Thus the plans for the improvement were not indefinite, and it was certainly within the discretion of the board of improvement to select the type of concrete which, considering its durability and cost, would conserve the best interests of the people of the district. *Conway* v. *Commissioners of Board of Improvement Dist. No. 20, ante,* p. 487, and cases cited.

The decree is in all things correct, and it is therefore affirmed.