WILLIAMS *v.* SEWER IMPROVEMENT DISTRICT No. 86.

Opinion delivered November 25, 1929.

*Berry H. Randolph,* for appellants.

*Murphy & Wood,* for appellees.

BUTLER, J. An improvement district was organized in the city of Hot Springs, Garland County, Arkansas, in the year 1926, designated as Sewer Improvement District No. 86, for the purpose of constructing a system of sewers for the use of the inhabitants of said district, which district was perfected and completed in that year. The appellants are the owners of five lots in said district, fronting on Grove Street, along which the sewer was laid. The first installment of improvement assessments became due May 1, 1927, and in September, 1927, the appellants filed this suit, attacking the validity of the organization of the district and praying that the assessments made against their property be canceled and the officers and employees restrained from acting under said assessments.

The appellees filed an answer and cross-complaint, asking judgment against the property for the 1927 and 1928 installments of the assessments, for penalty of 20 per cent. and attorney's fees, and that the property be sold to pay the delinquent assessments, etc. On the hearing the court dismissed the complaint of the appellants for want of equity on the ground that plaintiffs (appellants) "failed to begin legal proceedings within thirty days after the publication of the ordinance fixing the assessments of benefits in the said Sewer Improvement District No. 86, to correct or invalidate said assessments, and the plaintiffs are therefore barred and precluded from questioning said assessments or benefits, and that said Sewer Improvement District No. 86 of the city

of Hot Springs is a duly organized and existing local improvement district under the laws of the State of Arkansas.'' The court further found on defendants' cross-complaint that the assessments for the years 1927 and 1928 were delinquent, and gave judgment against the property for the same, but failed to give judgment for the statutory penalty and attorney's fees. From this decree the plaintiffs (appellants) prosecute their appeal, and the defendants (appellees) prosecute a cross-appeal from that part of the decree eliminating the statutory penalty and attorney's fees.

The appellants, for grounds for reversal, insist, first, that the district had not been properly formed, and that no petition of a majority of the owners of real property in Sewer Improvement District No. 86 was ever filed with the city council, or proof of the same offered or filed in this cause; second, that the district was formed and the improvements made and completed and the assessments levied on the property before any attempt of any kind had been made to establish the grades, as provided by law, and that no street grade was fixed by ordinance before the district was created and the contract was let; and third, that the assessments of benefits are invalid by reason of the fact that the assessments are not made upon the benefits actually received, either present or future, but are based wholly on a foot-frontage basis.

The appellees, on their cross-appeal, insist that, as the court gave judgment against the property for the delinquent installments of assessments, it necessarily should have included in the judgment the twenty per cent. penalty provided by § 5673 of Crawford & Moses' Digest, and attorney's fees, as provided for in § 5678 of Crawford & Moses' Digest, and on their cross-appeal pray that the judgment be corrected so as to include these items.

On the trial of the case it was agreed by the parties ''that the improvement district was organized, perfected and completed in the year 1926; that no ordinance estab-

lishing a grade on Grove Street was ever offered or passed until November 21, 1927, nor was the grade as provided by the statutes of the State of Arkansas ever established until November, 1927, and that the plaintiffs in the case are the owners of the property in controversy herein.'' Certified copies of the records were introduced in evidence, showing that the first petition for the formation of the district provided for by § 5649 of Crawford & Moses' Digest was filed and acted on by the city council by ordinance No..............., entitled, ''An ordinance laying off a portion of the city of Hot Springs into a sewer improvement district, to be known as Sewer Improvement District No. 86,'' and that the petition of a majority of the landowners had been duly published. The council found that the petition contained a majority in value of the owners of real property in said district, and afterward by resolution appointed assessors to assess the estimated benefits, which assessments were duly filed with the city council, and published in a newspaper published in said county for one month next before the date of the first publication of the advertisement. There was no other evidence introduced relative to the filing of the initial petition, the second petition, or the assessments, and publication of notice thereof.

■ With the admissions made by the parties, and on proof of the filing of the initial petition and the record as to the action of the council with reference to the majority petition of the landowners and of the ordinance fixing the assessments and the publication thereof, the burden was on the appellants to prove noncompliance with the requirements of the statute necessary for the creation of the improvement district. In the case of *Board of Improvement Dist.* v. *Carman,* 138 Ark. 339-346, 211 S. W. 170, where it was contended that an improvement district for the construction of waterworks and electric lines were invalid, among other things, because a majority of the property owners had not petitioned for the formation of the district, the court, in passing upon that question, said:

"It is very earnestly insisted that neither the initial nor the majority petition contained the requisite number of signers, and in support of this contention it is asserted that 'it does not affirmatively appear that all the testimony offered at the trial is included in the transcript, and that we must therefore indulge the presumption that omitted testimony would support a finding that the petitions did not contain the requisite number of signers.' * * * The court below made no finding on the question of majorities, and it may be true, as counsel contends, that such a finding cannot be made from the record before us. But the districts are not to be defeated on that account. No burden rested upon the districts to show affirmatively that they had been established upon majority petitions. Under the statute the assessments of benefits could not have been levied as liens upon the lands within the districts until the precedent finding had been made by the town or city council that the improvements had been petitioned for by a majority of the property owners in the districts; and, while this finding was not conclusive, it was *prima facie* correct, and imposed the burden of showing that the districts had not been petitioned for by a majority of the property owners upon him who attacked the districts on that ground."

Having failed to discharge this burden, it follows that the presumption must be indulged that the district was legally established. Moreover, the record of the ordinance and resolutions kept by the city clerk under the direction of the city council, and the by-laws and rules of the city, disclose the fact that the council found, on the 19th day of March, 1926, that a majority in value of the owners of real property in the district had signed a petition praying that the improvement be made, etc., and that the notice of said petition had been duly given. Section 5652, Crawford & Moses' Digest, relative to the petition of a majority of landowners, after providing for what should be stated in the petition and for its publication, contains the following language: "At the meeting

named in the notice the owners of real property within such district shall be heard before the council, which shall determine whether the signers of said petition constitute a majority in value, *and the finding of the council shall be conclusive, unless, within thirty days thereafter, suit is brought* to review its action in the chancery court of the county where such city or town lies.'' No suit was filed questioning the action of the city council in this particular until September 3, 1927, when plaintiffs (appellants) filed this action. Therefore, the suit not having been brought within thirty days, plaintiffs are precluded from questioning the correctness of the finding of the city council in determining whether those signing the petition constitute a majority in value of the owners of property within the district.

■ The appellants argue that the proceedings are void because no street grade was fixed by ordinance before the district was created and the contract was let. Appellants mistake the effect of the language of § 5656 of Crawford & Moses' Digest, upon which they rely for support of this contention. That section is as follows: ''Immediately after their qualification the board shall form plans for the improvement within their district as prayed in the petition, and shall procure estimates for the cost thereof; but all such improvements shall be made with reference to the grades of streets and alleys as fixed, *or may be fixed,* by the ordinance of said city. For this purpose said board may employ such engineers and other agents as may be needful, and may provide for their compensation, which, with all other necessary expenditures, shall be taken as a part cost of the improvement. If, for any cause, the improvement shall not be made, said cost shall be a charge on the real property in the district, and shall be raised and paid by assessment in the manner hereinafter prescribed.''

This section was construed by this court in the case of *McDonnell* v. *Improvement District,* 97 Ark. 334, 133 S. W. 1126, where the court said:

"Another contention is that the proceedings are void because no street grade was fixed by ordinance before the district was created and the contract was let. The statute merely provides that 'all such improvements shall be made with reference to the grades of streets and alleys as fixed or may be fixed by the ordinances of said city.' It does not require that the grade shall be established before the district is formed or the plans made. On the contrary, it clearly contemplates that the grades may be established at any time when the improvement may be made in conformity therewith.

■ The assessments were filed on August 7, 1926, and on August 18, 1926, the city council passed an ordinance approving and fixing the assessments, which ordinance was published, the first insertion being on the 20th day of August following. Section 5668 of Crawford & Moses' Digest provides as follows: "Within thirty days after the passage of the ordinance mentioned above (ordinance approving and fixing the assessments, § 5667), the recorder or city clerk shall publish a copy of it in some newspaper published in such town or city for one time. And all persons who shall fail to begin legal proceedings within thirty days after such publication, for the purpose of correcting or invalidating such assessment, shall be forever barred and precluded." Not having brought their action within the thirty days, appellants are barred from questioning the validity of the assessments, and their contention that the assessments were not made upon the benefits actually received, but on a foot-frontage basis, cannot be asserted now because of the provisions of the section above quoted, and their failure to bring their action within the time specified. See *Ingram* v. *Thames,* 150 Ark. 443-447, 234 S. W. 629, and cases cited.

A careful examination of the record in this case and a consideration of the briefs filed convince us that the action of the court in upholding the validity of the improvement district must be sustained. The court found that the assessments for the years 1927 and 1928 were

delinquent, and that the cross-complainant district was entitled to judgment and decree for sale of the property involved to satisfy same, but failed to give judgment for the statutory penalty and attorney's fee. In this we think the learned chancellor erred. Section 5673 of Crawford & Moses' Digest provides as follows: "If any assessment, made under this act, shall not be paid within the time mentioned in the notice published by the collector, the collector shall add thereto a penalty of twenty per centum, and shall at once return a list of the property on which the assessments have not been paid to the board of improvement as delinquent." Section 5678 of Crawford & Moses' Digest provides: "Summons shall be issued, and the defendant shall be required to appear and respond within five days after service; and upon default a decree shall be rendered against such property for the amount of such assessment, penalty and cost, and an attorney's fee."

We think by these sections the clear legal right to have a judgment for the penalty and attorneys' fees is conferred, and that, wherever it is found that the assessments have been delinquent on suit filed, the penalty and costs must be assessed, together with a reasonable attorney's fee.

It follows from what we have said that the cause as to the appellants will be affirmed and, on the cross-appeal of the appellees, will be remanded for further proceedings in conformity with the views herein expressed. It is so ordered.