THACKER v. PAVING IMPROVEMENT DISTRICT No. 5 OF MENA.

Opinion delivered October 13, 1930.

*Alley & Olney,* for appellant.

*Duke Frederick* and *Abe Collins,* for appellee.

HART, C. J., (after stating the facts). At the outset it may be stated that the present suit is direct attack against the validity of the assessments and the organization of the district because it was commenced within thirty days as required by statute.* *Williams* v. *Sewer Imp. Dist. No. 86,* 180 Ark. 510, 22 S. W. (2d) 405; and *Yates* v. *Phillips,* 180 Ark. 709, 22 S. W. (2d) 559.

The first ground upon which the validity of the organization of the district is assailed is that the petition for the improvement and the ordinance creating the same are too indefinite as to the kind of materials to be used in the construction of the proposed improvement. The record shows that the petition for the improvement and the ordinance establishing the district both provide that the paving shall be done in the manner and of the materials that the commissioners of the district shall deem for the best interest thereof. A majority of the property owners in value signed the petition for the proposed improvement vesting the commissioners with a large amount of discretion as to the manner in which the improvement should be constructed and the materials of which the pavement should be made. Under our decisions the validity of the organization is not impaired thereby, and the commissioners may exercise the discretion thus left to them. If the property owners desired to limit

* Crawford & Moses' Dig., § 5668 (Rep.).

or restrict the powers of the commissioners as to the materials to be used and the manner of constructing the improvement, they should have done so by specifying with particularity in the petition the kind of materials to be used and the manner of constructing the proposed pavement. *McDonnell* v. *Improvement District No. 145, Little Rock,* 97 Ark. 334, 133 S. W. 1126; and *Bostick* v. *Pernot,* 165 Ark. 581, 265 S. W. 356.

It is next insisted that the order of the county court incorporating the town of Mena in which the improvement district was organized contained no description of the land within the proposed limits of the city, but merely referred to a map which is not on file in the office of the city clerk or of the county clerk. We do not think this fact would invalidate the district. The town of Mena was duly incorporated under the statutes of Arkansas. The order refers to a map of the town, and the petition and ordinance for the proposed improvement district show definitely and certainly that the district was laid out in accordance with the map of the town.

Finally, it is insisted that the assessment of benefits is arbitrary and discriminatory because the assessors practically followed what is called the front-foot rule.

In *Selz* v. *Paving District No. 1 of McGehee,* 173 Ark. 245, 292 S. W. 133, following our earlier decisions, it was held that under our Constitution, the assessment of benefits cannot be made on what is commonly known as the front-foot rule, but all proper elements of benefits, including the frontage of the property, the valuation of the property, the valuation of the building on it, etc., must be considered by the assessors in making their assessments.

In *Lewellyn* v. *Street Improvement District of Russellville,* 172 Ark. 496, 289 S. W. 470, it was held that even in a direct attack an assessment made on a front-foot basis is not void on its face because such a basis of assessment may coincide with the actual benefits to the property. The reason is that the question of benefits is

to be ascertained from the facts in each particular case; and the surrounding circumstances, as developed by the proof, may show that there is a corresponding special benefit to the property assessed when the assessment is made under the front-foot rule.

Here, there is no uniformity of benefits, and the examination of the evidence shows that the advantages to the several lots to be derived from the paving are unequal. A considerable number of the lots are vacant. Some of them have two or three lots appurtenant to one dwelling house, and many of the houses are small and are only used as dwelling houses. Hence, under the proof introduced, the situation of the property, as well as the houses on it, are not so that there can be any uniformity or equality of benefits under a front-foot rule of assessment.

It is true that the assessment here made was not wholly according to the front-foot rule. The table prepared by the engineer of the district shows that ninety per cent. of assessment of benefits was on frontage and ten per cent. on assessed valuation for State and county purposes. This was practically an assessment according to the front-foot rule, under the facts proved, and the situation of the property being so that such an assessment could not, in any sense, confer uniformity of benefits, it must necessarily be discriminatory in its character. We are of the opinion that under the facts shown by the record the board of assessors was practically guided by the frontage of the property in making the assessment of benefits. The proof in the case shows that the lots or parcels of land in the district were not so situated as to admit the application of such a rule. Hence such an assessment according to frontage could not and did not apportion the expense according to the benefits. Therefore the decree will be reversed and the cause will be remanded with directions to the chancery court to hold the assessment invalid as being made on

the wrong basis, and for further proceedings, according to the principles of equity and not inconsistent with this opinion.