R. S. BIGGERS & COMPANY *v*. NORMAN.

4-7778                                    190 S. W. 2d 984

Opinion delivered December 17, 1945.

515

*Sidney Kelley,* for appellant.

*H. A. Northcutt,* for appellee.

Holt, J. July 8, 1935, H. H. Norman and Miriam B. Norman, his wife, executed their note in the amount of $99.63, in favor of appellant, R. S. Biggers & Company, due May 1, 1936, and bearing interest at the rate of 10 per cent. per annum until paid. To secure payment, the Normans executed a mortgage on the following described real estate: "The southwest fractional quarter, section 12, lying south of Spring River and west of Bee Run Creek, except what has been sold off heretofore and deeded to Andrew Dailey, W. L. Garner and James Garner, and said tract being described by metes and bounds, and containing 26.37 acres, more or less, being further described as the Serbaugh Place, township 19 north, range 5 west." This mortgage was recorded July 12, 1935.

On the back of the note, the following credits appear: "Aug. 19, 1936—$10; Sept. 7, 1936—$10; July 7, 1937—$14.91; Dec. 1, 1937—$7.07; Aug. 2, 1939—$5." No notation of any of these payments or credits was ever entered on the margin of the mortgage record where the mortgage was recorded.

August 9, 1936, the Normans sold the land covered by the mortgage herein under a "contract for sale of land" to appellees, H. S. McClesky and Mrs. H. S. McClesky. This contract was recorded November 28, 1936, and had been fully consummated by deed from the Normans to the McCleskys, some two or three years before the present suit was filed.

May 30, 1944, appellants brought this suit to recover balance due on the above note and to foreclose its mortgage lien. The Normans filed no answer. Separate answer was filed by the McCleskys in which they defended on two grounds, (1) that the description in the mortgage was void for uncertainty, and (2) that appellant "has failed, refused and neglected to place any credits on the margin of the record on which the mortgage is recorded for a period of over eight (8) years, . . . in compliance with § 9465 of Pope's Digest, etc.," and "this statute is a complete bar to the recovery of the plaintiff (appellant)."

The trial court found in favor of appellees, H. S. McClesky and wife, on the second ground. The decree recites: "The question is raised by the defendants as to the sufficiency of the description of the real estate in the mortgage, but I am not deciding this question. A decision of the other question is decisive of the issues in this case. That other question is whether or not the note and mortgage of the plaintiff is barred by statute in so far as the defendants, McCleskys, are concerned. . . . The plaintiff's right of action is barred under Pope's Digest, § 9465."

This appeal followed.

The facts upon which the decree was based are undisputed. It is our view that the decree is in conflict with

the recent decision of this court in *Jimerson* v. *Reed,* 202 Ark. 490, 150 S. W. 2d 747.

In the instant case, when the McCleskys purchased the land involved on August 9, 1936, from the Normans, it was covered by a mortgage dated July 8, 1935, and recorded July 12, 1935, executed by the Normans in favor of appellant, which was not barred as shown by the mortgage record. The McCleskys, therefore, bought subject to this mortgage, and their plea of the statute of limitations, in the circumstances, was unavailing, since the debt here was kept alive by payments, though not entered upon the margin of the mortgage record. By their purchase, the McCleskys stepped into the shoes of their grantors, the Normans, and took subject to this mortgage. In the *Jimerson* v. *Reed* case, this court said: "If one buys land upon which there is a mortgage not barred as shown by the mortgage record, he buys subject to the mortgage, and may not plead the statute of limitations if the debt was not, in fact, barred, having been kept alive by payments not entered upon the margin of the mortgage record. . . . When one buys land which the record shows is under a valid mortgage, he buys only the equity of redemption. He takes no other or greater title than his grantor had, which is the right to redeem. In vol. 2, Jones on Mortgages (8th Ed.), p. 1038, it is said: 'A purchaser with actual notice of the mortgage, or constructive notice by means of a registry, can avail himself of the presumption of payment from lapse of time only when the mortgagor could avail himself of it under the same circumstances. The grantee succeeds to the estate and occupies the position of his grantor. He takes subject to the incumbrance; and his title and possession are no more adverse to the mortgagee than was the title and possession of the mortgagor. . . . A purchaser from the mortgagor stands in no better position than the mortgagor himself as to gaining title by possession and lapse of time, if the mortgage be recorded. The record is notice of the mortgage to a subsequent purchaser; and the mere fact that he has had actual possession under his purchase for the statute period

of limitation is no bar to a foreclosure of the mortgage.' ''

While appellees' first ground alleged as a defense was not decided by the court below and is not argued here, and, since this cause must be reversed for the error above pointed out and comes to us for trial *de novo,* we hold that the description contained in the mortgage was not void for uncertainty. We think the description is sufficient to designate and identify the land sought to be foreclosed. "It is a maxim of law, that that is sufficiently certain which can be made certain." (*Montgomery and Wife* v. *Johnson, et al.,* 31 Ark. 74.)

It will be noted that the last clause of the description of the 26.37 acre tract sought to be foreclosed here is in these words: "Being further described as the Serbaugh Place," and this alone under decisions of this court was sufficient to describe and identify the land here involved. In *Martin* v. *Urquhart,* 72 Ark. 496, 82 S. W. 835, it was held: (Headnote). "A deed which conveys 'the property known as the J. J. Martin plantation, embracing' certain lands, of which a particular description is given, and containing certain exemptions and reservations, embraces a tract of land which is part of such plantation, though not particularly described," and in the body of the opinion, it was said: "The words 'the property known as the J. J. Martin plantation,' used in the deed, were sufficient to describe the tract of four acres." See, also, *McGehee* v. *State, Use, Etc.,* 39 Ark. 57.

In *Jenkins* v. *Ellis,* 111 Ark. 220, 163 S. W. 524, we held: (Headnotes 1 and 2). "The language used in a deed will be interpreted most strongly against the grantor. If by any reasonable construction a deed can be made available, that construction will be adopted."

There was testimony identifying the land here by a survey and by its name, that is "The Serbaugh Place."

For the error indicated, the decree is reversed, and the cause remanded with directions to proceed to foreclose the mortgage.