## APPLEWHITE v. HARRELL MILL COMPANY.

1. CHATTEL MORTGAGES: *Title of mortgagee against attaching creditor.*

A chattel mortgage, though not filed for record, is a valid security between the parties: and when, by virtue of it, the mortgagee takes possession of the mortgaged property, after condition broken, this is an appropriation of it to the debt secured; and his title is good against a creditor of the mortgagor who subsequently attaches the property in his possession.

2. ESTOPPEL: *None from mere execution of forthcoming bond.*

A person in whose possession attached property is found is not, by the mere execution of a forthcoming bond, as provided for in section 327 Mansf. Dig., estopped from asserting his claim to the property by interplea filed in apt time; and he may prefer his claim without first surrendering the property to the officer holding the attachment.

APPEAL from *Cross* Circuit Court.

W. H. CATE, Judge.


*N. W. Norton* for appellants.

Appellants were not estopped from proving that the property was theirs, by giving the forthcoming bond, under *section 227, Mansf. Dig.* They only bound themselves that the property, or its value, should be forthcoming and subject to the order of the court. *2 Metc., Ky., 209; 3 id.; 456; 3 Bush., 212; Drake on Att., 6th ed., 340, n. 1; 37 Tex., 135; 10 Martin, 48; 16 La. Ann., 125; 50 Ill., 491; 3 S. W. Rep., p. 405.*


*J. D. Block* and *Geo. H. Sanders* for appellee.

The judgment is right upon the proof. Appellants were in possession when the attachment was levied. To throw the officer and plaintiff off their guard they pretended to have no claim on the property, and did not deny the defendant's ownership, or set up any title of their own. Relying on this, plaintiff made no further effort to levy on other property which at that time was within the jurisdiction of the officer. See *3 Hill, 215; 4 Metc., 381; 11 N. H., 559; 10 Cal., 172; 45 Cal., 223; 105 Mass., 508; 76 Ala., 506; 66 Ill., 61; 51 N. H., 287.* Many of these cases hold that the giving of the bonds estops a subsequent claim of title.


COCKRILL, C. J.   In an action by the Harrell Mill Company against C. J. Speuhler & Co., in the Cross Circuit Court, an order of attachment issued and was levied upon a lot of lumber and a tramway and cars, for which James Applewhite & Co., the appellants, were permitted to file their interplea, claiming to be the owners of the property, before judgment was rendered in the cause against the defendants in the action.

The interplea was tried without the intervention of a jury. and the court made the following finding of facts, viz.: "The interpleaders at the time of the levy of the attachment were in possession of the property attached, and their possession was under and by virtue of a mortgage executed to them by the defendants (Speuhler & Co.) prior to the issuance of the order of attachment in this cause, and they (the interpleaders) gave bond under section 327 of Mansfield's Digest, and re·ained possession of the attached property." Upon this state of facts the court declared the law to be with the plaintiff in the attachment suit; ordered the interpleaders to deliver to the Sheriff enough of the property attached to satisfy the judgment which in the meantime had been rendered against Speuhler & Co., and adjudged that upon failure to do so execution should issue against Applewhite & Co., and their surety in the forthcoming bond. The interpleaders and their surety took a bill of exceptions setting forth the special finding of facts, the declarations of law, and the motion for a new trial. The evidence is not set out, and the correctness of the court's finding of facts is thereby conceded.

If the facts thus incontestibly established show that the title to the property in dispute was not in the interpleaders when the attachment issued; or, the title being in them, if the execution of the forthcoming bond instead of an interpleader's bond precludes them from asserting their title, the judgment is right.

I. As to the interpleaders' title, it may be presumed from the finding that the mortgage was never filed for record. But this would not render it a nullity It was a valid security between the parties, nevertheless, and after condition broken, as between them, became a legal title (*Haskill v. Sevier, 25 Ark., 152*), and when the mortgagees took possession of the mortgaged property by virtue of it, they had the same right to hold it against the subsequent attachment of the appellees, that any

1. CHATTEL
MORTGAGES:
Title of mortgagee against
attaching creditor.

preferred creditor has to retain the property of his debtor that has been delivered to him by the debtor in pledge or payment of his debt. Taking possession by the mortgagees by virtue of the mortgage, was an appropriation by them of the mortgaged property to the mortgage debt with the debtor's consent, and their title was good against subsequently acquired rights. *Jones Chat. Mort.*, sec, *178*, *Frank v. Miner*, *50 Ill.*, *444; Hanselt v. Harrison*, *105 U. S,, 401; Petring v. Herr Dry Goods Co.*, *Mo.*, *3 S. W. Rep.*, *405.*

2. ESTOPPEL: None from mere execution of forthcoming bond.

II. It was not for the want of title, however, that the interpleaders were defeated. The declarations of law show that the court's view was that the execution of the forthcoming bond precluded the obligors from afterwards claiming the property as their own.

The conditions of the bond are that the obligors shall perform the judgment of the court in the action, or that the property, or its value, shall be forthcoming and subject to the orders of the court for the satisfaction of the judgment. It has been several times held by this court that the execution of a delivery bond by a defendant in execution does not estop him from afterwards claiming his exemptions out of the bonded property. *Jacks v. Bigham*, *36 Ark.*, *481; Atkinson v. Gatcher*, *23 id.*, *104.* And in *Norris v. Norton*, *19 Ark.*, *321*, where the obligor in such a bond claimed the property as his own after surrendering it to the officer, the court, said: "No plausible reason has been offered to sustain the idea that the appellee ought to be estopped by the recitals in the delivery bond under the circumstances of this case, and we can conceive of none; and certainly none of the authorities cited to the point comes up to the facts of this case. If this proceeding was upon the delivery bond or was to vindicate or defend some right predicated upon or growing out of it, then most of them would be in support of the objection urged. But this is not the case here. The condition of the defendants has been in no way

'superinduced, or in any way affected by the matter they seek to set up as an estoppel."

The Supreme Court of Kentucky, speaking of a provision for a delivery bond in attachment identical with ours, say: "It by no means follows that the property when it is forthcoming, and subject to the order of the court, shall be inevitably devoted to the satisfaction of any judgment which has been, or may be, rendered against the debtor defendant. In the latter branch of the alternative condition of the bond the emphatic words are, or the controlling idea is, that the property shall be subject to the order of the court.

When it is so placed subject to the order of the court, there is a compliance with the bond. What order the court may make in reference to the property is another matter.

Of course that order will be in accordance with the rights of all parties in interest. But it is not a matter of uncontrollable necessity that the property shall be used, under the court's order, for the satisfaction of the judgment in the action against the debtor defendant. The obligor in the bond only binds himself to have the property or its value forthcoming for the satisfaction of the judgment, if the court shall so order it. That is the substance and spirit of the undertaking. And he is not thereby precluded from asserting a right in himself to the property, and showing that the property should not be used to satisfy the judgment." *Schwein v. Sims, 2 Metc., 209.* See, too, *Petring v. Heer Dry Goods Co., sup.; Halbert v. McCullough, 3 Metc., 456; Drake on Att., sec. 391; Johns v. Church, 12 Pick. (Mass.), 557; Lathrop v. Cook, 14 Me., 414; Smith v. Moore, ante 100; S. C., 4 S. W. Rep., 282.*

We take it, therefore, that the bond does not of itself estop the obligor from asserting his claim to the property by interplea in apt time under *sec. 356 of Mansf. Dig.;* and, inasmuch as the property is subject to the order of the court, the interpleader may be permitted to prefer his claim without first sur-

rendering the property to the officer holding the attachment. *Jacks v. Bigham, 36 Ark., sup.; Miller v. Desha, 3 Bush, 212; Petring v. Heer Dry Goods Co., sup.*

The act of January 19, 1861 (*Mansf. Dig., sec. 390*), making provision for an interpleader's bond does not affect the decision of the question. The person in whose possession attached property is found has the right to retain it upon giving the forthcoming bond. No one else can. *Mansf. Dig., sec. 327.* But he may also avail himself of the provision as to the interpleader's bond and thus save himself from the embarrassing questions of estoppel that may arise; but he is not required to do so, nor does this section change the effect of the provision for the forthcoming bond. Indeed it is only by reason of its broader range that the provision for the interpleader's bond can be saved from repeal by the subsequent provisions of the Code. See *St. Louis, I. M. & S. Ry. v. Richter, 48 Ark., 349*, and cases cited.

There are many cases holding parties estopped from asserting claims to property which has been retained by them upon the execution of delivery bonds, but an examination of them will show that the estoppel arises not from the execution of the bond, but from the conduct of the claimant; as, for instance, where he fails to make his claim known to the officer at the time of the levy and thereby influences the officer to desist from seizing other property subject to be taken under the writ, thus injuring the plaintiff in the attachment or execution. See *Big. on Estoppel, 549*, and cases in *n. 1; id., 490*.

But this case has not been brought within that rule. None of the facts essential to create an estoppel is presented by the record here. The fact or facts upon which an estoppel rests must be proved by the party who relies upon it. None has been found by the court and we cannot assume that any was proved. Taking the facts as certified to us as covering the

case proved by the plaintiff, the judgment should have been for the interpleaders.

Reverse the judgment and remand the cause for further proceedings.