REAVES v. COFFMAN.

Opinion delivered June 29, 1908.

1. TRUSTS—FOLLOWING TRUST FUNDS.—Trust funds wrongfully converted may be followed into other property as long and as far as they can be identified. (Page 63.)

2. EVIDENCE—DECLARATIONS OF HUSBAND.—Where a husband and wife are sued jointly, his declarations are incompetent as evidence against her. (Page 63.)

3. FRAUDULENT CONVEYANCE—HUSBAND IMPROVING WIFE'S HOMESTEAD.— Where an insolvent husband expended his means in improving his wife's homestead, such expenditures will be treated as a charge upon the homestead to the extent that he was indebted as guardian to his wards. (Page 63.)

4. SUBROGATION—SURETIES.—Where sureties have paid off a judgment against their principal which constituted a lien upon the latter's wife's homestead, they will be subrogated to the lien of the judgment thereon. (Page 64.)

5. LIS PENDENS—EFFECT OF NOTICE.—When notice of a pending suit to establish a lien on land was filed as required by Kirby's Digest, § 5149, subsequent purchasers of the land are not entitled to protection as innocent purchasers. (Page 64.)

Appeal from Clay Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

STATEMENT BY THE COURT.

This was an action in equity commenced on the 29th day of November, 1905, by M. R. Coffman and J. M. Gramling, administrators of the estate of M. C. Gramling, deceased, as plaintiffs against D. M. Reaves and Mollie C. Reaves as defendants. Several amended complaints were afterwards filed, and finally F. E. Graves and Susie Graves, his wife, and Edgar Graves and Tillie Graves, his wife, who had purchased the property since the institution of the action, were also made parties defendant.

M. R. Coffman and M. C. Gramling in his lifetime were sureties upon the bond of D. M. Reaves as guardian of the estate of Hattie Reaves and Myrtle Reaves, minors. The record does not disclose the date of the granting of the letters of guardianship, but that they were issued several years prior to 1900 is fully established. On the 21st day of April, 1903, the probate court for the Eastern District of Clay County found that D. M. Reaves, as guardian of Hattie Reaves, was due his ward the sum of $336.69 and ordered the same paid to her. This order of the probate court was not complied with. On the 23d day of August, 1905, a judgment was rendered in the Clay Circuit Court for the Eastern District in favor of Hattie Wooten, formerly Hattie Reaves, for $336.69 with interest at the rate of 10 per

cent. per annum from April 21, 1903, until paid, against D. M. Reaves, M. R. Coffman and J. M. Gramling as administrator of the estate of M. C. Gramling, deceased.

On the 31st day of October, 1902, the said probate court found that D. M. Reaves as guardian of Myrtle Reaves was due her the sum of $236.71, and ordered that sum paid to her at once. This order not having been complied with, suit was instituted against him and his aforesaid sureties in the circuit court, and judgment recovered on the 23d day of August, 1904. An execution was issued on these judgments against D. M. Reaves, and there was a return of *nulla bona* thereon. Appellees herein then paid the judgments.

These facts are alleged in the complaint, and it was further alleged that during the existence of the guardianship D. M. Reaves purchased lots 9 and 10 in block 9 in the town of Rector, in Clay County, Arkansas, with the funds belonging to the estate of said minors, and in order to defraud said minors caused the deed to said lots to be made to his wife, Mollie C. Reaves. That he improved said lots by erecting a house which became his homestead.

The prayer of the complaint is that plaintiffs be subrogated to the rights of said minors.

A notice of the filing of the suit was filed in compliance with the act of March 7, 1903.

The defendants filed separate answers, which were in substance a general denial of the allegations of the complaint. Other facts are sufficiently stated in the opinion.

The chancellor found in favor of the plaintiffs, rendered judgment in their favor against D. M. Reaves in the sum of $805.81, and in default of the payment thereof ordered the premises in controversy sold.

An appeal was granted to this court.

*L. Hunter,* for appellants.

To establish the lien attempted by appellees, the proof must be clear, positive and convincing. 75 Ark. 446; 64 *Id.* 155; 48 *Id.* 169; 44 *Id.* 365; Eaton on Equity, 413. Fraud must be proved by circumstances that clearly indicate its existence. 63 Ark. 22. Misapplied trust funds may be followed by a court of equity if they can be identified, but no further. We should know that

the funds went into a particular place before we order them taken out. 73 Ark. 324; 42 *Id.* 186; 2 L. R. A. 480; 7 *Id.* 570; 72 N. Y. 113.

*Johnson & Huddleston* and *Moore, Spence & Dudley,* for appellee.

The homestead is not exempt as against a debt for misapplication of trust funds. Const. 1874, art. 9, sec. 3; 74 Ark. 186; 53 *Id.* 303. A guardian must be just to his wards before being generous to his wife. 67 Ark. 105.

HART, J., (after stating the facts.) It is a well settled principle of equity that trust funds wrongfully converted may be followed into other property as long and as far as they can be identified. *Dyer* v. *Jacoway,* 42 Ark. 186. But we do not think that the testimony establishes that the lots in question in the present case were purchased with the funds belonging to the minors' estate. The testimony adduced by the defendants shows that the lots in question, were given to the defendant, Mollie C. Reaves, in 1900 by her father, Robert H. Krantz, and that he afterwards, on the 3d day of February, 1903, executed a deed to her for the same. The testimony also shows that; while the consideration recited in the deed was $200, the real consideration was the love and affection he bore his daughter.

To overcome this positive testimony, the plaintiffs introduced proof of declarations of D. M. Reaves, the husband of Mollie C. Reaves, made in 1905, to the effect that he had purchased the lots in question in 1900 and had had the title to the same made in the name of his wife. Mollie C. Reaves was a party to the suit, and the declarations of her husband were not competent testimony against her. Kirby's Digest, § 3095, sub-div. 4; *Brooks* v. *Hamby,* 86 Ark. 448.

The burden of proof was upon the plaintiffs, and they have failed to establish that the lots in controversy were purchased by the defendant D. M. Reaves.

A preponderance of the testimony does establish that in 1900, while the guardianship was pending in the probate court, D. M. Reaves built a house upon the lots with the consent of his wife, and that thereafter it became their homestead. Plaintiffs contend that the whole of the means with which the house was built was furnished by D. M. Reaves. But the uncontradicted testi-

mony shows that Robert H. Krantz furnished a part of the lumber, that a son of D. M. Reaves did most of the carpenter work, and that D. M. Reaves only furnished materials of the value of $450. The evidence establishes the fact of his indebtedness to his wards at that time, and to the extent of the $450 there is a charge upon the lots in question in their favor. *Morris* v. *Fletcher,* 67 Ark. 105.

The present case is distinguished from that of *Pullen* v *Simpson,* 74 Ark. 592. In that case at page 596 the court said: "As Simpson had a perfect right to devote this money to homestead purposes, the creditors have no complaint that it is put into a homestead in which he had a right of occupancy, instead of one in which he had title." Sec. 3, art. 9, of our Constitution is as follows: "The homestead of any resident of this State who is married or the head of a family shall not be subject to the lien of any judgment or decree of any court, or to sale under execution or other process thereon, except such as may be rendered for the purchase money or for specific liens, laborers' or mechanics' liens for improving the same, or for taxes or against executors, administrators, guardians, receivers, attorneys for moneys collected by them and other trustees of an express trust for moneys due from them in their fiduciary capacity."

It follows then that D. M. Reaves could not claim his homestead, whether one by right of occupancy or one in which he had title, as exempt from the judgments obtained against him by his wards, and that the judgments obtained by them in the circuit court were a lien on his interest in the homestead. Appellants as his sureties, having paid off the judgments, were entitled to be subrogated to the rights of the wards. *Carroll County Bank* v. *Rhodes,* 69 Ark. 43; *Meyer Bros. Drug Co.* v. *Davis,* 68 Ark. 112.

The testimony shows that the notice of the pendency of the suit was filed as required by statute before the purchase by the defendants Graves. Hence they are not *bona fide* purchasers, and are not entitled to protection. Acts of 1903, p. 118, Kirby's Digest, § 5149.

The chancellor erred in finding that the lots in controversy were the property of D. M. Reaves and in rendering a decree fixing a lien on them for the amount of the judgment of the plain-

tiff.  His decree should have been to fix a charge on them for the $450 furnished by D. M. Reaves and used in erection of the house.

The decree is reversed, and the cause remanded with direction to enter a decree in accordance with this opinion.