## MORGAN v. KENDRICK.

### Opinion delivered July 12, 1909.

1. JUDGMENT—CONCLUSIVENESS.—A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is upon a different cause of action, the right, question or fact, once so determined, must, as between the parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.   (Page 397.)

2. LIMITATION OF ACTION—PAYMENT ON MORTGAGE—RECORD.—Under Kirby's Digest, § 5399, when a debt secured by a mortgage is apparently barred by limitation, and no payment which would stay the limitation is indorsed on the margin of the record of the mortgage, it becomes, as to third persons, an unrecorded mortgage, and constitutes no lien upon the mortgaged property as against them, notwithstanding they have actual knowledge of the execution of the mortgage. (Page 397.)

3. MORTGAGES—EFFECT OF UNRECORDED MORTGAGE.—An unrecorded mortgage is binding as between the parties, and constitutes a valid lien, except as to the legal rights of third parties.   (Page 398.)

4. SAME—EFFECT OF SUBSEQUENT CONVEYANCE BY MORTGAGOR.—A conveyance of mortgaged property by the mortgagor to a third party with a fraudulent purpose of defeating the mortgage, and without an actual and *bona fide* consideration, would not defeat the lien of a valid mortgage, although unrecorded. (Page 398.)

5. FRAUDULENT CONVEYANCE—PRESUMPTION.—Proof that a mortgagor conveyed the mortgaged property to his sons without any consideration being paid raises a *prima facie* case of fraud. (Page 399.)

6. QUIETING TITLE—SUFFICIENCY OF EQUITABLE TITLE.—Where mortgaged land was sold in accordance with law and the provisions of the mortgage, but no deed was executed to the purchaser, an equitable title was vested in the purchaser, which, after expiration of the period allowed by law for redemption, will be quieted. (Page 400.)

Appeal from Cleveland Chancery Court; *John M. Elliott,* Judge; affirmed.

*Woodson Mosley* and *Taylor & Jones,* for appellants.

1. There was no way to revive the lien of the mortgage as to third parties, except by compliance with Kirby's Digest, § 5399. This was not done.

2. There is no evidence to show fraud.

*J. W. Crawford* and *T. M. Hooker,* for appellee.

1. The judgment of the circuit court is *res judicata,* as to the Morgans, on the question of the payments on the note and the statute of limitations. 76 Ark. 423; 57 *Id.* 500; 46 *Id.* 272; 55 *Id.* 536; 83 *Id.* 545; 74 *Id.* 320; 2 Black on Judgments, § 504; 1 Herman on Est. & Res Judicata, § § 107-8. It binds all privies. 2 Black on Judgments, § 504; 75 Ark. 320; 83 *Id.* 545.

2. Kirby's Digest, § 5399, only applies to third parties who purchase in good faith for a valuable consideration. The sons paid nothing, and the deed to them was a fraud. 64 Ark. 317; 6 Wall. (U. S.) 310.

3. A chancellor's finding of facts will not be set aside unless clearly against the preponderance of the evidence. 68 Ark. 134; 68 *Id.* 314; 73 *Id.* 489.

FRAUENTHAL, J. The plaintiff below, J. J. T. Kendrick, instituted this suit on October 1, 1907, in the Cleveland Chancery Court for the purpose of confirming a sale of real estate made under and by virtue of a power of sale contained in a mortgage executed to him by W. J. Morgan, one of the defendants; and also

to cancel a deed executed by said mortgagor to his two sons, George and Frank Morgan, the other defendants herein. On January 24, 1896, W. J. Morgan for a valuable consideration executed to the plaintiff his note for $563.95 due January 1, 1897, and bearing ten per cent. interest per annum from date until paid, and on the same day to secure the payment of said note executed to plaintiff a mortgage on the land in controversy. The mortgage was duly filed for record in April, 1896. The plaintiff alleged that payments were made by the maker on the note as follows: January 15, 1901, one dollar; July 7, 1902, two dollars; and that on June 11, 1906, the plaintiff indorsed a memorandum of said payments on the margin of the record of said mortgage, which was then duly attested. In May, 1906, the plaintiff sold the land under the power of sale contained in the mortgage; and in making said sale he complied with the terms of said mortgage and all requirements of the law. The plaintiff became the purchaser at that sale, and, although the period for redemption had expired, he did not execute a deed to himself under the sale for the reason that he did not think he had that power. He credited the amount of the bid upon the note; and on November 1, 1906, instituted a suit in the Cleveland Circuit Court against the defendant, W. J. Morgan, for the balance of said note. In that suit said Morgan denied making the above payments and pleaded the statute of limitation. Upon a trial and verdict of a jury a judgment was rendered in that case in favor of the plaintiff and against the defendant W. J. Morgan for the sum of $639.23 as the balance due on said note. On April 3, 1905, W. J. Morgan conveyed the said mortgaged land to his said two sons for the alleged consideration of $400; and this deed was filed for record on June 19, 1906. The plaintiff seeks to set aside said deed on the ground of fraud.

The defendants in their answer denied all allegations of payments and of fraud, and claimed that by reason of the failure to indorse the alleged payments on the margin of the record of the mortgage until after the note appeared to be barred by limitation and until after the execution of said deed the mortgage was invalid as to the defendants, George and Frank Morgan.

The chancellor found that the note was not barred by limitation; that the mortgage sale of the land was regular in all re-

spects; that the alleged conveyance made by the mortgagor to the other defendants was fraudulent. He entered a decree, cancelling said deed and confirming the sale under the mortgage and quieting the title in plaintiff; and directed a commissioner of the court to execute a deed to plaintiff for the land.

In accordance with the pleadings the chancellor in said decree also reformed the description of a small portion of the land. From this decree the defendants have appealed to this court.

The sole defense in this suit is made by the defendants George and Frank Morgan, who claim an unincumbered title to the land by virtue of the conveyance from their father. Neither in the answer of the defendant W. J. Morgan, nor in the brief of appellants, is it contended that the said note secured by the mortgage is barred by the statute of limitation. The evidence sustains the finding of the chancellor that payments were made thereon by the maker as above set forth, and that on that account the note was not barred. That issue was also determined by the judgment of the Cleveland Circuit Court in the above mentioned suit founded upon said note. As is said in the case of *National Surety Co.* v. *Coates,* 83 Ark. 545, "a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery can not be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question or fact, once so determined, must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." 12 Cyc. 1215.

The judgment of the Cleveland Circuit Court involved the question as to whether said note was barred, and it therefore became conclusive against the defendant W. J. Morgan and *prima facie* evidence against the other defendants; and with the other testimony in the case fully sustains the finding of the chancellor that the note was not barred.

But the defendants, who are the grantees in said deed, contend that on April 3, 1905, when they obtained said deed, the plaintiff had not made any indorsement of the payments on the margin of the record of said mortgage; and that therefore their rights could not be affected by the payments. Section 5399 of Kirby's

Digest provides: "In suits to foreclose or enforce mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given. Provided, when any payment is made on any such existing indebtedness before the same is barred by the statute of limitation, such payment shall not operate to revive said debt to extend the operations of the statute of limitation with reference thereto, so far as the same affects the rights of third parties, unless the mortgagee, trustee or beneficiary shall, prior to the expiration of the period of the statute of limitation, indorse a memorandum of such payment with date thereof on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk."

The effect of that statute, as to strangers to the transaction, is that when the debt secured by a mortgage is apparently barred by limitation, and no payments which would stay the limitation is indorsed on the margin of the record of the mortgage, it becomes as to such third parties an unrecorded mortgage; and like an unrecorded mortgage it constitutes no lien upon the mortgaged property, as against such third party, notwithstanding he has actual knowledge of the execution of such mortgage. *Jacoway* v. *Gault*, 20 Ark. 190; *Jarratt* v. *McDaniel*, 32 Ark. 598; *Neal* v. *Speigle*, 33 Ark. 63; *Ford* v. *Burks*, 37 Ark. 91; *Dodd* v. *Parker*, 40 Ark. 536; *Martin* v. *Ogden*, 41 Ark. 186; *Wright* v. *Graham*, 42 Ark. 140; *Hill* v. *Gregory*, 64 Ark. 317.

But an unrecorded mortgage is still good and binding between the parties. It constitutes a valid lien on the property, except as to the legal rights of third parties. *Conner* v. *Abbott*, 35 Ark. 365; *Applewhite* v. *Harrell Mill Co.*, 49 Ark. 279; *Hampton* v. *State*, 67 Ark. 266; *Rhea* v. *Planters' Mutual Ins. Assn.*, 77 Ark. 57.

The mortgagor can not defeat the binding lien of an unrecorded mortgage by placing the title to the property in another for his benefit, nor by giving the property away. As is said in the case of *Leonhard* v. *Flood*, 68 Ark. 162: "As to one holding the property by a conveyance entirely voluntary, it would be presumed that the conveyance was made subject to the mortgage." The conveyance therefore by a mortgagor to a third party with the

fraudulent purpose of defeating the mortgage, and without an actual and *bona fide* consideration, would not relieve the property of the lien of a valid mortgage, although unrecorded. *Leonhard* v. *Flood, supra.*

Now, in this case it appears that the father conveyed to his two sons the mortgaged land. The deed was executed in April, 1905, but the evidence tends to prove that it was still retained by the father and undelivered; and after the mortgagee proceeded to make sale of the land under the mortgage in May, 1906, the father placed the deed on record on June 19, 1906. The two sons were young men who were members of the father's family, and the evidence does not show that they had any property. They knew of the mortgage which their father had executed to the plaintiff on the land, and knew that it was unpaid. The deed recites that the consideration of $400 was paid for the land, but the defendants testified that as a matter of fact it was not paid. They claim that they had executed a note therefor, but they and their father testified that they had never seen the note since its execution, and did not know when it matured; and this testimony was given three years after its alleged execution. The note was not paid, and was not produced; and finally the father stated in his testimony: "If they pay me for it, it is all right; and if they never pay for it, it is all right, of course." No other person testified to seeing the deed prior to the date it was filed for record; and no other person testified as to the note. It was claimed that "about $50" was paid along on the note, but no statement is made as to when or in what manner such alleged payments were made. The circumstances thus surrounding this deed and the alleged transaction between father and sons are sufficient to arouse suspicion and to throw doubt upon them as legitimate contracts. The circumstances of this case and the relation of the parties make out a *prima facie* case of fraud which impeaches the consideration of the deed, which has not been overcome by any testimony in the case. *Leonhard* v. *Flood,* 68 Ark. 162; *Wilks* v. *Vaughan,* 73 Ark. 174; *McConnell* v. *Hopkins,* 86 Ark. 225; 20 Cyc. 439.

The chancellor made a finding that this alleged conveyance by the father, W. J. Morgan, to his sons was not *bona fide,* but was colorable and fraudulent. The evidence sustains the finding

of the chancellor and the conclusion that the deed was in truth and in effect a voluntary conveyance. It therefore follows that this deed did not relieve the land of the valid lien which existed on the land by virtue of said mortgage, and that the conveyance from W. J. Morgan to his sons, George and Frank, is subject to said mortgage. And, inasmuch as the land has been sold under said mortgage and the period for redemption has expired, said deed should be removed as a cloud from the title to said land.

The land was sold in accordance with law and the provisions of the mortgage, and it therefore vested in the purchaser an equitable title, although no deed was made. *Daniel* v. *Garner,* 71 Ark. 484. The chancellor was therefore right in quieting the title to the land in the plaintiff and directing a deed to be made to him. Kirby's Digest, § 6318.

Finding no error in the decree of the Cleveland Chancery Court, it is in all things affirmed.