WELLS *v.* FARMERS' BANK & TRUST COMPANY.

Opinion delivered June 9, 1930.

*Ward & Caudle,* for appellant.

*Robert Bailey,* for appellee.

SMITH, J. Appellant filed an intervention in a suit brought by appellee, the Farmers' Bank & Trust Company, hereinafter referred to as the bank, to foreclose a mortgage, and the bank filed a demurrer to the intervention, which was sustained, and, as appellant refused to plead further, the intervention was dismissed, and this appeal is from that order of the court.

The bank's complaint alleged that on May 5, 1923, H. F. and J. F. Hays executed to it a mortgage to secure an indebtedness, which had not been paid, and a foreclosure of the mortgage was prayed.

In the intervention it was alleged that on December 6, 1909, J. F. Hays and Anna L. Hays, his wife, procured a loan from intervener's guardian in the sum of $1,700, which was evidenced by a note of that date, due one year later, which was secured by a mortgage on certain lots in the city of Russellville, which note had become her property. That the mortgage which the bank sought to fore- close was executed by J. F. Hays and his wife to secure an indebtedness then owing by their son, H. F. Hays, to the bank, which was then past due; that the suit of the bank to foreclose its mortgage was filed November 18, 1927, and the original intervention on December 2, 1927, and on December 2, 1927, there was placed, upon the margin of the record of mortgages where intervener's mortgage was recorded, the dates and amounts of payments each year upon said note, showing that the statute of limitations had not run against the note. That, after this notation had been placed upon the margin of the mortgage record, the bank abandoned its suit to foreclose its mortgage and took a deed from J. F. Hays and wife with full knowledge of the fact that said intervener had a valid subsisting lien upon the property, evidenced by the indorsement of the payments on her note, entered upon

the margin of the record where said mortgage was recorded. That, during the pendency of the bank's suit to foreclose its mortgage, not only upon the lands upon which intervener had a mortgage, but also upon other lands included in its mortgage, the bank voluntarily dismissed its suit and took a deed direct from J. F. Hays and his wife.

It was further alleged in the intervention that the cashier of the bank was fully advised, when its mortgage was taken, that intervener's mortgage was outstanding and unpaid, and it was agreed, when the bank's mortgage was taken, that intervener's mortgage should be first paid, and that but for this representation J. F. Hays and his wife would not have executed the said mortgage to the bank.

It is our opinion that the demurrer to the intervention was properly sustained. It alleges that the note given to intervener's guardian, and now owned by her, was dated November 6, 1909, and due twelve months thereafter, and while payments were made thereon from time to time in a manner to keep the note alive as between the parties, no indorsement of these payments was made on the margin of the mortgage record until December 2, 1927.

The mortgage securing appellant's note had ceased to be a lien upon the land when the bank took its mortgage. Section 7382, C. & M. Digest, reads as follows:

"No agreement for the extension of the date of maturity of the whole or any part of any debt or note secured by mortgage, deed of trust, or vendor's lien, or for the renewal thereof, whether made in writing or otherwise, and no written or oral acknowledgment of indebtedness thereon, shall, so far as the same affects the rights of third parties, operate to revive said debts or extend the operation of the statute of limitations with reference thereto unless a memorandum showing such extension or renewal is indorsed on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk. * * *."

In construing this statute in the case of *Morgan* v. *Kendrick*, 91 Ark. 398, it was said: "The effect of that statute, as to strangers to the transaction, is that when the debt secured by a mortgage is apparently barred by limitation, and no payments which would stay the limitation are indorsed on the margin of the record of the mortgage, it becomes as to such third parties an unrecorded mortgage; and like an unrecorded mortgage it constitutes no lien upon the mortgaged property, as against such third party, notwithstanding he has actual knowledge of the execution of such mortgage. (Citing cases)." See also, *Clark* v. *Lesser,* 106 Ark. 207, 211. *Merchants' & Planters' Bank* v. *Citizens' Bank of Grady,* 175 Ark. 417, 418.

Of the cases cited by appellant for the reversal of the decree from which this appeal comes, the one most nearly in point is that of *Merchants' & Planters' Bank* v. *Citizens' Bank of Grady,* 175 Ark. 417. There it was held (to quote a headnote) that "where a first mortgagee and a second mortgagee agreed to extend their mortgages with the understanding that the first mortgage had priority, the second mortgagee was estopped thereafter to assert that its mortgage had secured priority on the ground that the first mortgage had on the record apparently become barred by limitations, since the first mortgagee might have foreclosed its mortgage or have caused the mortgagor to make a small payment and indorsed it on the margin of the record, thereby preserving priority of its mortgage."

Just here is the distinction—and it is a controlling one—between the case cited and the instant case. There the mortgage was not barred when the agreement in regard to its extension was made. Here the intervener's mortgage (except as between the parties thereto) had long been barred when the bank took its mortgage, which became, as against the bank, an unrecorded mortgage, and, like an unrecorded mortgage, did not constitute a lien upon the mortgaged property as against the bank,

954

notwithstanding it had actual knowledge, through its executive officers, of the existence of the intervener's mortgage.

The mortgagors are not parties to this appeal, and we need not therefore consider the effect of the allegations of the intervention as to the agreement between them and the bank.

Under the allegations of the intervention the intervener's mortgage had ceased to be a lien upon the property when the bank took its mortgage, and the demurrer was therefore properly sustained, and the decree is affirmed.