BEITH *v.* McKENZIE.

4-3947

Opinion delivered September 30, 1935.

*W. G. Dinning*, for appellants.

*Jo M. Walker*, for appellees.

BUTLER, J. Section 7408 of Crawford & Moses' Digest provides: "In suits to foreclose or enforce mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given. Provided, when any payment is made on any such existing indebtedness before the same is barred by the statute of limitation, such payment shall not operate to revive said debts

or to extend the operations of the statute of limitation, with reference thereto, so far as the same affects the rights of third parties, unless the mortgagee, trustee or beneficiary shall, prior to the expiration of the period of the statute of limitation, indorse a memorandum of such payment with date thereof on the margin of the record where such instrument is recorded, which indorsement shall be attested and dated by the clerk.''

For reversal of this case the appellants invoke the application of the above statute under the following state of facts. In 1923 B. D. Schrantz borrowed from Belle H. McKenzie the sum of $1,600 evidenced by his promissory note for said sum with interest due on August 18, 1925. To secure this indebtedness, Schrantz executed a mortgage on a tract of land situated in Phillips County containing approximately 110 acres. Payments of the interest were made from time to time and a part of the principal, the last payment being made on December 19, 1930, but none of the payments were indorsed on the margin of the record of the mortgage as provided in the section above quoted. On November 29, 1932, Schrantz and his wife, by quitclaim deed of that date, conveyed the property described in the mortgage to appellant, R. P. Beith, for the sum of $200. Previous to that time the land had forfeited for the nonpayment of taxes for the year 1929, and in due time was conveyed to the State of Arkansas by reason of said forfeiture. Subsequent to the date of his deed from Schrantz and wife Beith acquired, by proper conveyances, the title acquired by the State by reason of the aforesaid forfeiture. Mrs. McKenzie brought suit to foreclose, naming the mortgagees and appellants, R. P. Beith and Quinn B. Beith, as defendants, appellants being at that time in the possession of the property. The mortgagees made no defense, but the appellants answered, and by way of defense to the action set up the facts heretofore stated and pleaded the statute in bar of appellee's suit.

The case was submitted to the trial court under evidence which, stated most strongly in favor of the appellees, tended to show that at the time Beith purchased

from Schrantz he had full knowledge that the debt secured by the mortgage had not been paid, and that a balance of approximately $800 was still due Mrs. McKenzie. With this information Beith had his attorney examine the record of the mortgage and found that there were no indorsements on the margin of any payments having been made thereon, and he then made the purchase from Schrantz.

Appellee insists that Beith was not a third party within the meaning of the statute; first, because the quitclaim deed put him on notice of all imperfections in the vendor's title; and, second, because the consideration paid was so out of proportion to the value of the land as would make the conveyance in effect a voluntary one and bring the case within the rule announced in *Leonhárd* v. *Flood,* 68 Ark. 162, 56 S. W. 781, and *Morgan* v. *Kendrick,* 91 Ark. 394, 121 S. W. 278, which is that a conveyance of mortgaged property by the mortgagor with a fraudulent intent of defeating the mortgage and without actual and *bona fide* consideration would not relieve the property of the lien of a valid mortgage, although unrecorded.

It is true that a quitclaim deed serves to put the purchaser on notice of the infirmities in his grantor's title, but it is a substantive mode of conveyance and transfers title to the grantee as effectively as a deed with full covenant of warranty. *Bagley* v. *Fletcher,* 44 Ark. 153. The constructive notice arising by grant by quitclaim deed can have no higher effect than actual notice. This court has held in a number of cases that a third party acquiring an interest in real estate on which there is an outstanding mortgage may invoke the benefit of the statute, notwithstanding he may have actual knowledge of the existence of the mortgage. The cases so holding are cited in *McKinley* v. *Black,* 157 Ark. 280, 247 S. W. 1046. In that case the court held that "third parties," as used in the statute, necessarily means "strangers to the mortgage." This definition appears to have been the one adopted by the court in a number of cases, and therefore appellant, Beith, was a third party within the meaning of the statute.

The rule announced in *Leonhard* v. *Flood* and *Morgan* v. *Kendrick, supra,* can have no application to the instant case for the reason that it was shown that there was a substantial decrease in the value of the mortgaged lands, although the amount of such decrease is not satisfactorily shown, and that the conveyance was not voluntary or made by the mortgagor with the fraudulent intent of defeating the rights of the mortgagee. While the price paid Schrantz was far below the probable value of the land, yet in the state of the title it could not be said to be grossly inadequate (even if that would tend to show that the conveyance might have been voluntary) because of the fact that by the forfeiture to the State other sums had to be expended to acquire the State's interest and perfect title in appellants.

It appears that appellant used his superior knowledge to work an advantage to himself and a consequent injury to the mortgagee, who, by reason of her forbearance and ignorance of the law, has lost the security for her debt. We do not commend the actions of appellant as worthy of emulation, but unfortunately the law as written, which we have no power to alter, protects the title he has acquired and vests it in him free of the lien of the mortgage, which, as disclosed by the record, was apparently barred by the statute of limitation.

It follows from the views expressed that the judgment of the trial court must be reversed, and the cause remanded with directions to sustain the plea of appellants, and deny foreclosure of the mortgage.