TAYLOR v. MAGNOLIA LOAN & INVESTMENT COMPANY.

4-4759

Opinion delivered October 25, 1937.

W. H. Kitchens, Jr., for appellants.
Ezra Garner, for appellees.

SMITH, J. Suit was filed July 10, 1935, by the Magnolia Loan & Investment Company to foreclose a mort-

gage given it to secure a note executed to its order by Lee Taylor and Eva, his wife. The note thus secured was dated March 6, 1928, and indorsed thereon were various credits of payments, one dated September 6, 1929, the last August 5, 1934. There was no dispute about any of the payments except the one last named, which was $9.12. The mortgage covered only an eighty-acre tract of land, which had been sold in October, 1930, together with other lands under a judgment in favor of the Newco Cotton Company against Lee Taylor, and a deed had been executed to the cotton company pursuant to this sale. It was prayed that the mortgage be foreclosed and that the execution deed be adjudged subordinate to the lien of the mortgage, and from a decree granting that relief is this appeal.

It was denied by the mortgagor and by the cotton company that the $9.12 payment had been made, and both defendants pleaded the statute of limitations in bar of the action. This payment was indorsed upon the note as having been made on August 5, 1934, which day was a Sunday. The notation upon the margin of the mortgage record also gave the date of the payment as August 5. This indorsement was made December 1, 1934. The sufficiency of the marginal indorsement upon the mortgage record to comply with §§ 7382 and 7408, Crawford & Moses' Digest, is raised by the cotton company; but these sections are unavailing to the cotton company if the note was not barred by the statute of limitations when the foreclosure suit was filed. In the case of *Citizens Bank & Trust Co.* v. *Garrott,* 192 Ark. 599, 93 S. W. (2d) 319, it was held (to quote the headnote) that ''Under §§ 7382 and 7408, Crawford & Moses' Dig., an execution creditor purchasing at his own sale is not a third party entitled to protection against the rights of a mortgagee whose mortgage, though apparently barred because payments made had not been entered on the margin of the record, was in fact not barred by the statute of limitations; but, under the rule of *caveat emptor,* took subject to the rights of the mortgagee.''

The controlling question in the case is, therefore, the one of fact whether the note was barred when suit was

filed, and that question is answered when it is determined whether the $9.12 payment was made by the mortgagor.

W. A. Boyd, the mortgagee's secretary and treasurer, testified that just before the time of the alleged payment he gave Taylor, the mortgagor, a statement of the balance then due and made demand that Taylor make some payment. Taylor agreed to make a payment, and was told that he could either pay witness or could deposit the money in the Citizens Bank to the credit of the Loan & Investment Company.

W. C. Blewster testified that he was the assistant cashier of the Citizens Bank of Magnolia, and had been since its organization in May, 1934. He entered deposits on the books of the bank and had charge of deposit slips. He testified to a deposit made by Lee Taylor August 4, 1934, to the credit of Magnolia Loan & Investment Company with the Citizens Bank amounting to $9.12, as shown on a deposit slip headed "Columbia-Peoples Bank," which bank appears to have been succeeded by the Citizens Bank. The witness had no independent recollection of the transaction, but the deposit slip on file and the records of the bank show a deposit was made with the Citizens Bank on August 4, 1934, by Taylor to the credit of the Loan & Investment Company.

Both Taylor and his wife denied having made the deposit.

The argument as to the effect of a payment made on August 5—which was a Sunday, may be disposed of by saying that if the payment was made at all, it was made on August 4, and the indorsement upon the note and on the margin of the record showing receipt of a payment on August 5 was a mere error. We think the testimony fully supports the finding that the payment was made by the deposit in question. There could have been no point in giving this credit as having been made through the bank deposit and indorsing it upon the note at that time unless it had actually been made, for the reason that at that time the note was not barred. The payment which was admittedly made in September, 1929, operated to extend the life of the note to a date beyond

August 4, 1934. There was no occasion on this last named date to practice a fraud by simulating a payment when none had been made. The obvious purpose of the demand for some payment on the note, which Taylor admitted was made, although he denied having agreed to make it, was to prevent the bar of the statute of limitations from falling. Had the payment not been made, the suit to foreclose would, no doubt, have been commenced, as it could have been done, the debt not then being barred.

The decree does not appear to be contrary to the preponderance of the evidence, and it is, therefore, affirmed.