HAMBURG BANK *v.* ZIMMERMAN.

4-5187                         120 S. W. 2d 380.

Opinion delivered October 10, 1938.

850

*J. A. Tellier,* for appellant.

*Y. W. Etheridge* and *E. L. Carter,* for appellees.

BAKER, J. B. and E. Zimmerman instituted a suit in the chancery court of Ashley county against James A. Murphy and wife, Hamburg Bank, Robert Wallace *et al.,* for a judgment against the Murphys upon a promissory note for $800, dated April 15, 1919, and to foreclose a mortgage executed by the Murphys on the same date to the Conservative Loan Company, as security for the payment of the aforesaid note.

The mortgage covered an eighty-acre tract of land in Ashley county, and was by the Conservative Loan Company duly assigned to the Sheboygan Loan & Security Company, and on December 28, 1922, the Sheboygan Loan & Security Company assigned the note and mortgage to B. Zimmerman and E. Zimmerman. The said note, secured by the mortgage, matured on the first day of May, 1929. There was a default on that date, but later, on November 19, 1929, interest was paid to December 1st, and $100 was paid on the principal amount, and on May 21, 1931, $25 was paid on the principal, reducing the said note to the principal sum of $675, with accrued interest.

By agreement the balance was extended for the period of a year at 6 per cent. interest. Nothing further was paid on the note.

The Zimmermans filed suit on May 13, 1936. James A. Murphy and Mrs. Murphy, Blanks Company, Hamburg Bank and Robert Wallace were made defendants. The bank filed a motion to dismiss this suit on August 12, 1937. It alleged that it was the owner of the real property sought to be foreclosed, and that it was a third party in respect to plaintiffs' mortgage; that its title to the land in question was paramount and superior to that of plaintiffs because plaintiffs had not complied with the provisions of Crawford & Moses' Digest, §§ 7382 and 7408, which require payments to be indorsed on the margin of the record of the mortgage.

Later the Hamburg Bank amended its pleadings, setting out a deraignment of the title claimed by it, substantially as follows: That Murphy and wife conveyed the lands to J. A. Mathews in 1920 and J. A. Mathews and wife conveyed the same lands to W. L. Blanks on August 12, 1920, and that the heirs of W. L. Blanks conveyed the same lands to Blanks Company, a corporation, the Blanks Company conveyed the lands to the Hamburg Bank. Proof, however, disclosed the fact that the administratrix of the estate of W. L. Blanks, upon petition, and by order of the probate court, sold the property for payment of debts of W. L. Blanks' estate, and that the Hamburg Bank became purchaser of this same land, together with other lands. The Murphys had abandoned possession of the land after the sale, and the Zimmermans took possession thereof by their agent, Frank S. Green. Green, duly authorized to do so, placed Robert Wallace in possession, who went upon the property, under a contract of purchase for the sum of $600, at such time as title could be perfected by the Zimmermans. He made somewhat elaborate improvements upon the property while in possession, with full knowledge that title would not be conveyed to him until the Zimmermans had foreclosed and bought in the property.

The chancery court rendered a decree in favor of the Zimmermans, declaring that the Hamburg Bank was not a third party, within contemplation of the statute, and ordered sale of the property. From that decree the Hamburg Bank has appealed.

The principal question at issue upon this appeal, if not the sole one, is to determine whether the Hamburg Bank is a third party. Rather elaborate or extensive briefs have been filed, the most of which, we think, it is unnecessary to review. There are no disputed questions of fact. It is conceded by all parties that the note and mortgage were more than five years past due at the time of the filing of the suit; that there was no notation of any kind upon the margin of the record showing any payments and the dates thereof, certified as required by law, indicating that the lien of the mortgage was continued in force, nor is it disputed that the partial payments made upon the indebtedness were made at such times that the mortgage had been kept alive, except as to third parties, who had a right to rely upon the records as they appeared at the time of the institution of the suit.

It has been held that the effect of a failure to make the marginal notations as required by law, before the bar of limitations attached according to the record, is, as to third parties, to reduce such instrument to the status of an unrecorded mortgage. *Morgan* v. *Kendrick*, 91 Ark. 394, 121 S. W. 278, 134 Am. St. Rep. 78. See, also, cases there cited. *Wells* v. *Farmers Bank & Trust Co.*, 181 Ark. 950, 28 S. W. 2d 1059.

This is true, of course, only as to such third parties protected by the statute.

Under the first statutes upon the subject, the expression "third parties" was not defined, but they came to be known as "strangers to the transaction." These are illustrated in the following cases: *Clark* v. *Lesser*, 106 Ark. 207, 153 S. W. 112; *Beith* v. *McKenzie*, 191 Ark. 353, 86 S. W. 2d 176.

Appellees rely upon the case of *Citizens Bank & Trust Co.* v. *Garrott*, 192 Ark. 599, 93 S. W. 2d 319. That opinion was rendered on April 20, 1936, and involved the

question that has arisen here, under §§ 7382 and 7408, Crawford & Moses' Digest, now §§ 9436 and 9465, Pope's Digest.

The appellees argue that the above cited case is authority sustaining their present position and warranted the chancellor in his declaration of law in their favor. They call attention to the fact that in this case, under consideration, the lands of W. L. Blanks were sold under an order of the probate court upon petition by the administratrix for such sale, in order to pay debts. It is argued further that the lands mentioned in the cited case were sold for the same purpose, and that proposition is true. The similarity, however, in the respective sales goes no further. In the Garrott case it was not necessary, under the view we had of the law at that time, to discuss with any detail the fact that the statute is one of limitation, as well as a method of giving notice of the continued existence of the mortgage lien by making the proper notation upon the margin of the record. We discussed there that phase of the law which must be regarded as a part of the registration laws of the state, and since it must be held that the purpose of making these notations upon the record is to give notice, we held that one who was in such position that he was required to take notice even in the absence of such a statute would still be so required, though proper notations were not made. In other words, that the purchaser is, at his own execution sale of the mortgaged property, bound by the rule of *caveat emptor,* and was not on that account a protected party. No such condition prevails in the instant case now on appeal. The effect and extent of the opinion in the case of *Citizens Bank & Trust Co.* v. *Garrott, supra,* was discussed in a later opinion, *Taylor* v. *Magnolia Loan & Investment Co.,* 194 Ark. 732, 109 S. W. 2d 442.

After the five-year statute had run and no notations were made, Mathews, the purchaser from Murphy, Blanks, who purchased from Mathews, and the bank, purchaser from the administratrix of the estate of

Blanks, were all in a position to be protected third parties. They were strangers to the transaction.

Not only is this case extremely dissimiliar from that of the cited case, upon which appellees rely, but the reason for the rule announced in the cited case does not exist here in any form. Since the reason fails, the argument and conclusion must be deemed faulty.

It is argued also that Robert Wallace was in possession of the lands, placed in possession by the Zimmermans and was, at least, a tenant by will, and that his occupancy was notice. We fail to see the controlling force of such argument. It has already been said that after the expiration of this five-year period, the effect of a mortgage was the same as an unrecorded mortgage, so knowledge of the debt would not in itself be sufficient to prevent the statutory bar. It has been so held in numerous cases. *Wells* v. *Farmers Bank & Trust Co.,* 181 Ark. 950, 28 S. W. 2d 1059. See authorities there cited.

The most that can be said about Wallace's possession is that he can occupy no stronger position than those who put him in possession. It is argued that he made valuable improvements and that he should be protected in the matter of these improvements. He claims no title, nor is it asserted that he has any right under the betterment statutes, which, of course, are not applicable to this situation, but it is urged that the fact that he entered upon the land and made improvements should operate as an estoppel. We know of no authority warranting such a conclusion and none has been cited to us as upholding an estoppel under similar conditions. It does not seem sound that one might enter upon the lands of another as a tenant at will, and that is the most favorable aspect under which his possession may be considered, make improvements and affect adversely the rights of the true owner of the property.

It must, therefore, be concluded that the chancery court decree was erroneous. It is, therefore, reversed with directions to set aside the decree in so far as it declares a lien against the lands, and to hold the Hamburg

Bank a third party under the mortgage, and for such further action as may be necessary, not in conflict with this opinion.

BAKER, J. (on rehearing). Appellees urge, on petition for rehearing, that in order to sustain the foregoing opinion, holding the Hamburg Bank's rights are superior to the rights of the mortgagees, we must overrule the case of *Wasson* v. *Beekman,* 188 Ark. 895, 68 S. W. 2d 93. Counsel quote from a syllabus in that case as authority.

We have re-examined the authorities and are impelled to hold that our conclusions reached are sound and that the mortgagees in possession of real property are not entitled to protection under the facts; that the case just above cited is not authority for the doctrine that possession of real estate by the mortgagee is tantamount to notations made on the margin of the records within the time as required by the statutes. Such was not the holding in the case of *Wasson* v. *Beekman, supra.* In that case the suit was filed before the debt was actually barred according to the mortgage record, a notice of *lis pendens* was filed at the time the suit was instituted and this notice set forth the facts in regard to the mortgage sought to be foreclosed. The court held that there was no inconsistency in the statutes providing for notice by *lis pendens* and in the statute requiring notice given by proper notations on the record duly made, and that, therefore, notice of *lis pendens* was tantamount to notations made on the margin of the record.

Upon re-examination of the whole controversy, including the authorities cited on petition for rehearing, we must hold that the opinion was correct; and petition for rehearing is denied.